RAYMOND J. HINES & others *vs.* CITY OF ATTLEBORO
& another.

Bristol.    January 7, 1969. — February 5, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Zoning*, Validity, Spot zoning.

An amendment of a city's zoning ordinance changing the classification
of a parcel of land on a street from residential to business was invalid
as spot zoning where it appeared that all the land surrounding the
parcel was zoned for residential use and was indistinguishable from
it in character, and that most of the lots on the street in either direc-
tion from the parcel and most of the lots in the parcel were occupied
by single residences.

PETITION filed in the Land Court on March 22, 1966.

The case was heard by *Silverio*, J.

*Max Volterra* for the City of Attleboro.

*Talbot T. Tweedy* for Robert Anderson.

*Jarvis Hunt* for the petitioners.

SPALDING, J.   This petition is brought in the Land Court
under G. L. c. 240, § 14A, and c. 185, § 1 (j ½), for a de-
termination of the validity of an amendment to the zoning
ordinance of the city of Attleboro.   The petition is brought
by owners of a freehold estate located within the rezoned
area.   The respondents are Robert Anderson, who owns two
lots within this area, and the city.   The judge rendered a
decision containing findings of fact and facts stipulated by
the parties and ruled that the adoption of the ordinance was
an invalid exercise of the power conferred on the city by § 2
of the Zoning Enabling Act, G. L. c. 40A.

The case comes here on the respondents' outline bill of
exceptions which incorporated all the evidence, including the
exhibits.   The question for decision is whether the judge
erred in ruling that the purported amendment to the zoning
ordinance was invalid.   See *Leshefsky* v. *American Em-
ployers' Ins. Co.* 293 Mass. 164, 166–167.

The locus which was the subject of the amendment consisted of eleven lots of land on the northern side of Pleasant Street, also known as Route 123. Pleasant Street runs in an easterly direction from the downtown business area of Attleboro to the town of Norton. The locus is rectangular in shape; it has a frontage of 1,500 feet and a depth of 300 feet. Prior to December 30, 1965, when the amendment rezoned the locus for business, it had been in a single residence zone since the city adopted its zoning ordinance in 1942.

The respondent Anderson intends to use some of the land owned by him within the locus in connection with an automobile showroom, and after the adoption of the amendment, he commenced construction of such a building. Prior to the amendment none of the land abutting Pleasant Street east of the locus, with the exception of a small area near the Norton town line, had been zoned for industrial or business purposes. All of the land surrounding the locus, including the abutting land across the street on the southerly side of Pleasant Street, was and still is zoned for residential use only. Most of the lots located to the east and west of the locus, and most lots within the locus, are occupied by single residences.

From a consideration of all the evidence, including a view, the judge found that "the area in which the locus is situated is essentially residential and that there is no distinction between the locus and the surrounding residential areas . . . [and] that the zoning change affecting the locus is a singling out of one small tract for different treatment from that accorded similar surrounding land not shown to have been distinguishable from it in character." The judge ruled that "taking into consideration the character of the district, the location, size and characteristics of the land, and the nature and use of the adjoining land in the general vicinity . . . the zoning . . . amendment . . . was an invalid exercise of the authority . . . conferred on the . . . City" by G. L. c. 40A, § 2.

There was no error.

The conclusions of the judge were amply supported by the evidence. The controlling principles in a case of this sort are familiar and need not be restated. They are succinctly set forth with ample citation of authorities in *Lanner* v. *Board of Appeal of Tewksbury,* 348 Mass. 220, 228, and the decision of the judge shows that he was guided by them. He rightly concluded that the amendment was invalid as spot zoning and violative of the statutory requirement of uniform classification. *Shapiro* v. *Cambridge,* 340 Mass. 652, 659, and cases cited.

That there were other areas west of the locus which had been rezoned for commercial use does not avail the respondents. See *Gricus* v. *Superintendent & Inspector of Bldgs. of Cambridge,* 345 Mass. 687, 690. The fact that lots other than those owned by Anderson were included in the locus does not save it from the infirmity of spot zoning. *Atherton* v. *Selectmen of Bourne,* 337 Mass. 250, 255.

*Exceptions overruled.*