LAMOREUX, Respondent, vs. WILLIAMS and another, Appellants.

*September 13—October 3, 1905.*

*Appeal and error: Actual controversy: Moot questions: Appealable orders: Dismissal.*

> Where there can be no actual controversy between the parties as to the manner of printing a primary ballot or conducting a primary election, because both the primary election, and the municipal election to which the primary election was merely preliminary, had been held, there is no existing right which can be substantially prejudiced, and hence an appeal from an order in the action which imposed no costs, and in no way affected the final determination of the action, will be dismissed. *State ex rel. Runge v. Anderson,* 100 Wis. 523, distinguished.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Dismissed.*

This is an appeal from a temporary injunctional order. The complaint and affidavit upon which the order was based showed that in February, 1905, nomination papers in due form were filed in the office of the defendant *Fisher,* city clerk of the city of Ashland, nominating both the plaintiff and the

defendant *Williams* as Republican candidates for the nomination as mayor of that city at the primary election called for March 21, 1905 ; that there was also filed a nomination paper nominating the defendant *Williams* as a Democratic candidate for nomination for the same office; that the defendant *Williams* claimed that his name should be printed on both the Republican and Democratic tickets upon the Australian ballot to be used at such primary; and that the defendant *Fisher* threatened to so print the ballot. Upon these facts the circuit court enjoined the clerk by order from printing *Williams's* name on the primary ballot until he should file a written statement indicating the party designation under which his name should be placed, and, in case of failure so to do, directing the clerk to place the name upon one of the tickets, and only upon one. From this order the appeal is taken.

For the appellants there was a brief by *F. J. Colignon*, attorney, and *Dillon & Colignon*, of counsel, and oral argument by *Mr. Colignon*.

*John M. Flinn*, for the respondent. [No brief on file.]

WINSLOW, J. The respondent moves to dismiss the appeal for the reason that the question at issue has ceased to be of any practical importance and is a mere moot question. It is apparent that a decision one way or the other will accomplish nothing, so far as the parties are concerned. Both the primary election and the municipal election, to which the primary was merely preliminary, have long since passed into history, and no judgment now made can in any way affect either election. There can be no actual controversy between the parties as to the manner of printing a primary ballot or conducting a primary election which performed its sole function more than six months ago. The principle is familiar that "courts sit only to decide actual controversies, and not to answer mere moot questions of law

or fact." *Hogan v. La Crosse,* 104 Wis. 106, 80 N. W. 105. Nor will this court entertain an appeal unless the appellant has an existing right which the order or judgment appealed from, if erroneous, has substantially prejudiced. Id.; *Mills v. Green,* 159 U. S. 651, 16 Sup. Ct. 132. It is plain that there is no such case here.

The appellant places reliance upon the case of *State ex rel. Runge v. Anderson,* 100 Wis. 523, 76 N. W. 482, but the distinction between the two cases is manifest. That was a *mandamus* action, and the appeal was taken from an order quashing the writ because it did not state facts sufficient to constitute a cause of action. This order granted no leave to amend, and hence necessarily determined the action, and would be followed by judgment for costs, and, if reversed, the appellant would be entitled to recover costs and nominal damages in the trial court. These considerations were held to be sufficient to make the case one involving a real and existing controversy, notwithstanding the fact that a decision could not affect the main controversy upon the merits raised in the trial court. In the present case there is no such situation. The order appealed from imposed no costs, and in no way affects the final determination of the action, either as to the merits, or as to costs. It is as harmless as a spent rifle ball. The questions presented by the appeal have become merely academic and we must decline to consider them.

*By the Court.*—Appeal dismissed.