STATE EX REL. SCHERTZ, Appellant, vs. SPIEGEL and others, Respondents.

*March 11—April 6, 1920.*

*Mandamus: Writ not issued where ineffective to afford relief.*

A writ of *mandamus* to compel a school board to provide transportation for relator's children to and from school, under sec. 40.16, Stats., providing that where schools are suspended in a school district the school board shall provide transportation for children of a certain age living more than one mile from the nearest school, for a period of at least six months during the school year, was properly denied, where the final hearing in the proceedings was not concluded until the eleventh month of the school year and such writ could afford relator no relief.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

This action was begun by relator on March 9, 1919, when he filed a petition for a peremptory writ of *mandamus* commanding the defendants to provide transportation for the school children of district No. 5, including relator's children, and to enter into contract with some suitable person for such transportation as provided in sec. 40.16 of the Statutes of 1917. The petition alleges that at an annual school meeting of district No. 5 in July, 1918, and at an adjournment thereof held on August 1, 1918, the electors of the district voted to suspend all schools in the district for the approaching school year and to furnish and provide transportation for all children of school age to the school in joint district No. 1 of the town of Fairbanks and village of Tigerton, and that the schools of district No. 5 were suspended accordingly; that the school board of district No. 5 failed to engage a person to transport the children of the district as required by law, engaging, however, one Harvey Fink, by verbal agreement, to perform such service; that the school board failed to enter into a written contract with Harvey Fink as required by law and failed to require

State ex rel. Schertz v. Spiegel, 171 Wis. 260.

Harvey Fink to furnish a bond in the sum of $300 or in any amount whatever; that the school board failed to require Harvey Fink to furnish a safe and comfortable conveyance, and that the conveyance furnished by Harvey Fink was utterly inadequate and unsafe; that Harvey Fink is not a trustworthy and responsible person to have the charge of the children; that he has so failed in his duty that the two children of relator have been able to attend the school in the adjoining school district only eleven days since September 1, 1918.

An alternative writ was granted by the court. The defendants demurred to the petition, which demurrer was sustained. An amended petition was filed April 3, 1919, which defendants moved to quash. A hearing was had on this motion May 12, 1919. On the argument of this motion defendants asked leave to withdraw such motion to quash and for permission to file a motion to make more definite and certain. Such leave was granted, and after hearing argument on the motion to make more certain and definite the court on May 21, 1919, made an order commanding the relator to make his petition more certain and definite. In compliance with this order a second amended petition was filed in which was set forth, in addition to the facts already pleaded, the minutes of the school meetings at which the decision to suspend the schools was reached.

Defendants again moved to quash, and after argument the court made an order granting the motion to quash and providing that the action be dismissed with costs. Judgment was entered on such order, from which judgment relator appeals.

For the appellant there was a brief by *F. Y. King* of Tigerton and *A. M. Andrews* of Shawano, attorneys, and *Henry Hay* of Antigo and *Geo. Y. King* of Tigerton, of counsel; and the cause was argued orally by *Geo. Y. King*.

For the respondents the cause was submitted on the brief of *Eberlein & Larson* of Shawano.

SIEBECKER, J.   The trial court held that the remedy by *mandamus* would be fruitless in this case because the relief sought could not be enforced when the proceeding came to an issue and hearing on the original petition.   The law (sub. (1) (c), sec. 40.16, Stats.) provides that when all schools are suspended in a school district by vote of the electors, the school board shall "provide transportation to and from school for a period of at least six months during the school year . . . for all children between the ages of six and sixteen residing more than one mile from the nearest school."   The facts alleged show that the school year had proceeded into the ninth month when the first hearing on the petition was before the trial court.   The final hearing was concluded in the eleventh month of the school year.   It is obvious that *mandamus* could afford no relief to relator under these circumstances.   We think the circuit court very properly held: "The conditions claimed by the relator have long since passed into history, and were before the proceedings were commenced, so a judgment now entered would be without force and of no benefit to him [the relator], whatever." Since the writ at the time of trial, as held by the trial court, was properly denied, consideration of the various questions argued on this appeal are not necessarily involved in determining whether or not appellant is entitled to the writ. *State ex rel. Smith v. Drake,* 83 Wis. 257, 53 N. W. 496; *State ex rel. Runge v. Anderson,* 100 Wis. 523, 76 N. W. 482; *State ex rel. Treat v. Hammel,* 134 Wis. 61, 114 N. W. 97.

*By the Court.*—The judgment appealed from is affirmed.