STATE, Appellant, v. SEYMOUR, Respondent.

*April 30—June 2, 1964.*

For the appellant the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, and *William A. Platz* and *LeRoy L. Dalton,* assistant attorneys general.

No brief or appearance for the respondent.

CURRIE, C. J. We will first consider the motion to dismiss because of mootness. Generally, if a question becomes moot through a change in circumstances, it will not be determined by the reviewing court. *Lamoreux v. Williams* (1905), 125 Wis. 543, 104 N. W. 813; *State ex rel. Schertz v. Spiegel* (1920), 171 Wis. 260, 176 N. W. 1022; 6 Wisconsin Law Review (1930), 101. It is a well-recognized exception that a reviewing court will retain jurisdiction and decide the issue if the question is one of great public importance. *Carlyle v. Karns* (1960), 9 Wis. (2d) 394, 101 N. W. (2d) 92; *Wisconsin E. R. Board v. Allis-Chalmers W. Union* (1948), 252 Wis. 436, 32 N. W. (2d) 190; *Doering v. Swoboda* (1934), 214 Wis. 481, 253 N. W. 657.

The issues presented by this appeal are *publici juris* because vital to the enforcement of the Thomson Anti-Gambling Law in Milwaukee county, which has a population of slightly in excess of 1,000,000 people. Even though we have determined that we should not pass on the merits, we deem it preferable to reverse under sec. 251.57, Stats. (formerly Supreme Court Rule 32), rather than dismiss the appeal as moot. The reason for this is that if the appeal were to be dismissed the decision and order below would be left standing to be cited in future cases at the trial level. Therefore, defendant's motion to dismiss is denied.

When we turn to the merits, these two issues are presented:

(1) Was the district attorney or the corporation counsel the proper officer to institute the proceeding?

(2) If it be determined that the district attorney was not authorized to institute the proceeding, did this irregularity deprive the circuit court of jurisdiction to grant the relief demanded?

Because of the default of defendant, however, we only have before us the brief of the attorney general. A majority of

the court are of the opinion, therefore, that because of this we should not decide the appeal on the merits, but should reverse under sec. 251.57, Stats., which provides:

"When a cause is submitted or presented by counsel for appellant or plaintiff in error, but not by the opposing party, the judgment or order appealed from may be reversed as of course, without argument."

*By the Court.*—Order reversed.