WESTON, Plaintiff in error, v. STATE, Defendant in error.

*June 4—June 25, 1965.*

138

140

For the plaintiff in error there was a brief and oral argument by *Donald C. Haberman* of Milwaukee.

For the defendant in error there was a brief by *Bronson C. La Follette,* attorney general, *Hugh R. O'Connell,* district attorney of Milwaukee county, and *Donald W. Steinmetz,* first assistant district attorney, and oral argument by *Aladin A. DeBrozzo,* deputy district attorney.

BEILFUSS, J. Defendant presents two issues on this appeal: (1) Did the trial court commit prejudicial error by not submitting verdicts and instructions on manslaughter and lesser degrees of homicide? And (2) did the trial court exceed its jurisdiction when it imposed the consecutive sentence?

Defendant's position is that the evidence warranted submission of a form of verdict and instruction on manslaughter.

Neither in the briefs nor at argument does he pursue the alleged error in failing to submit lesser degrees of homicide based upon recklessness and negligence. Clearly, defendant's acts were not negligent nor reckless and the trial court's refusal to submit this alternative to the jury was not error.

Sub. (1) of the manslaughter statute (sec. 940.05) provides that when one person causes the death of another, "Without intent to kill and while in the heat of passion," he may be imprisoned not more than ten years.

Sec. 939.66 provides in part:

"Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; or

"(2) A crime which is a less serious type of criminal homicide than the one charged."

The rule is that there must be a reasonable ground for a conviction on the lesser charge and an acquittal of the greater charge before the trial court will be justified in submitting lesser degrees of homicide than that charged in the information. *Brook v. State* (1963), 21 Wis. (2d) 32, 40, 123 N. W. (2d) 535; *State v. Hoyt* (1964), 21 Wis. (2d) 284, 290, 128 N. W. (2d) 645; *State v. Stortecky* (1956), 273 Wis. 362, 369, 77 N. W. (2d) 721. If the evidence does warrant submission of lesser degrees of the offense, failure to do so "results in undeniable prejudice to defendant." *Brook v. State, supra,* page 41.

The main thrust of defendant's argument is that the standard to be applied is one which gives effect to the particular defendant's state of mind. Defendant submits a standard somewhere between an "objective" and "subjective." His authority, in general, may be found in the opinion of Mr. Justice WILKIE, concurring in *State v. Hoyt, supra,* page 298 *et seq.*

The argument is that we must consider defendant's limited education, his considerable drinking, and his outrage in having been tricked or duped by Ryan and Mrs. Milligan. The totality of the day, says defendant, shows that *he* was laboring under such a mental derangement as to have justified an instruction on manslaughter.

In *State v. Hoyt, supra,* the court firmly committed itself to the long-standing rule which employs the objective standard. The majority opinion states, at page 291:

" 'Thus, with respect to provocation, the test applied is not the subjective one of whether it was sufficient to produce in defendant such passion as to cause him to kill without intent to do so. Rather it is the objective one of whether the provocation would have caused such state of mind in persons

ordinarily constituted.' " Citing *Brook v. State, supra.* See *State v. Stortecky, supra.*[2]

Manslaughter has been defined as:

"That which will constitute 'the heat of passion' which will reduce what would otherwise be murder to manslaughter 'is such mental disturbance, caused by reasonable, adequate provocation, as would ordinarily so overcome and dominate or suspend the exercise of the judgment of an ordinary man as to render his mind for the time being deaf to the voice of reason; make him incapable of forming and executing that distinct intent to take human life essential to murder in the first degree; and to cause him, uncontrollably, to act from impelling force of the disturbing cause rather than from any real wickedness of heart or cruelty or recklessness of disposition.' *State v. Stortecky* (1956), 273 Wis. 362, 372, 77 N. W. (2d) 721. It has been said that ' "the provocation, in order to be sufficient in law, must be such as, naturally and instantly, to produce in the minds of persons, ordinarily constituted, the highest degree of exasperation, rage, anger, sudden resentment, or terror." ' " *State v. Hoyt, supra,* page 290.

Defendant was apparently disappointed over the evening events. The court must, however, decide whether defendant's failure to illegally satisfy his passions in Lincoln Park and his discovery of having been "duped" could reasonably amount to sufficient provocation. It does not. Under the facts of this case, and in light of the illicit purposes of the evening, this court must rule that, "Such conduct [on the part of Ryan and Mrs. Milligan] does not constitute sufficient provocation to cause such heat of passion in persons

---

[2] The manslaughter instruction requested by the defendant at the trial does not set forth a subjective test—on the contrary it asks for the objective one in this language: "The provocation, in order to be sufficient in law, must be such as to produce naturally and instantly in the mind of a *person ordinarily constituted,* and which did produce in the mind of the defendant, the highest degree of exasperation, rage, anger, sudden resentment, or terror." (Emphasis added.)

ordinarily constituted as to cause them to kill without intent to do so. For this reason, the trial court did not commit prejudicial error in refusing to submit the lesser offense of manslaughter." *Brook v. State, supra,* page 43.

From the moment defendant awoke on July 3d he accomplished nothing. His evening foray was manifestly asocial. Mrs. Milligan's tricking him is not of such great moment as to cause raging anger in an ordinarily constituted man. The facts subsequent to the Lincoln Park fiasco do not permit an instruction on manslaughter. Defendant walked many blocks back to the Milligan home. He did not have to go there. During such walk an ordinarily constituted man should have regained his composure. He could have been somewhat piqued, but not senseless with anger. Defendant was the aggressor. How does one justify taking a loaded pistol to an amorous foray? How does one justify using a pistol to recover $10? There is simply too much deliberateness—meanness—leading up to the fatal shooting.

Defendant's argument would protect asocial behavior. His reasoning would make successive crimes a defense to all such crimes.

The trial court's instruction on self-defense amply covered the evidence presented by defendant. Sec. 939.48, Stats.

In our efforts to insure that those accused of crimes have the maximum protection of their rights, we must not lose sight of the fact that society is entitled to protection against rules which condone criminal violence.

Defendant claims that since the trial court, on February 8th, did not indicate whether the sentence imposed was concurrent or consecutive, it must be deemed concurrent with the sentence he was presently under.[3]

---

[3] Sec. 959.01 (2), Stats., provides: "Upon conviction the court has a duty to pronounce judgment and may adjourn the case from time to time for that purpose. In cases where s. 959.15 is applicable that section is controlling, but in all other cases the court must either impose or withhold sentence and, if the defendant is not

The trial court expressly deferred execution of the sentence until February 10th with consent of counsel in defendant's presence. He argues that the trial court may not impose sentence and then stay execution thereof.

The trial court was advised that defendant intended to change his not-guilty pleas on the two robbery charges to guilty. The court intended to consolidate all sentencing matters on February 10th. Execution was properly postponed. Further, what was said in *State ex rel. Reynolds v. County Court* (1960), 11 Wis. (2d) 512, 105 N. W. (2d) 812, is apposite. In that case it was held that after sentence is imposed and the defendant received at the place of confinement, the trial court ceases to have jurisdiction to modify the sentence. Thus, it is said:

". . . Wisconsin adheres to the common-law principle that a trial court has no power to revise its judgment and sentence in a criminal case after the expiration of the term or after the execution of the sentence has commenced." (p. 515.)

" 'The great weight of authority supports the rule that when a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of the court at which the sentence was pronounced; any attempt to do so is of no effect and the original sentence remains in force.' " (p. 516.)

In *State ex rel. Zabel v. Municipal Court* (1923), 179 Wis. 195, 199, 190 N. W. 121, 191 N. W. 565, we stated:

"It is a rule of general application that a court has power to reconsider the judgment and sentence in a criminal case

fined or imprisoned, he must be placed on probation as provided in ch. 57. Execution of sentence may not be stayed except as provided in ch. 57 and ss. 958.14 and 959.055 (1)." Sec. 959.07, provides in part: "The court may impose as many sentences as there are convictions and may provide that any such sentence shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence."

and to revise and correct it by modifying and even by increasing its severity if done during the term at which the judgment and sentence is pronounced and before the sentence has been executed or put into operation."

Until execution (providing the term of court has not expired), the trial court had jurisdictional authority to determine whether the sentence should be concurrent or consecutive. Deferring execution or even imposition of the sentence in order to consolidate other matters before the court affecting the same defendant is not prohibited by the statutes, *supra,* footnote 3; nor does it appear to be an abuse of discretion in this case.

*By the Court.*—Judgment affirmed.

WILKIE, J. (*concurring*). Although I adhere to my views expressed in the concurring opinion in *State v. Hoyt* [1] favoring the adoption of the Model Penal Code formulation as the test of provocation under sec. 940.05 (1), Stats., under the facts in this case, even if this different test were to be adopted, a manslaughter verdict should not have been submitted to the jury. Without needlessly repeating the pertinent facts leading up to the homicide as detailed in the majority opinion I would merely observe that, even under the alternative test, there was no reasonable ground for the trier of fact to conclude that the killing was "committed under the influence of extreme mental or emotional disturbance for which there is reasonable explanation or excuse," [2] where the reasonableness of such explanation or excuse is "determined from the viewpoint of a person in the actor's situation under the circumstances as he believes them to be." [3] For these reasons I concur in the result reached by the majority.

---

[1] (1964), 21 Wis. (2d) 284, 298–304, 128 N. W. (2d) 645.
[2] Model Penal Code, p. 126, sec. 210.3 (1) (b) (Official Draft, 1962).
[3] Ibid.