STATE EX REL. RENNER, Appellant, v. DEPARTMENT OF HEALTH & SOCIAL SERVICES, Correctional Division, and others, Respondents.

*No. 145 (1974). Submitted on briefs January 7, 1976.—Decided February 3, 1976.*
(Also reported in 237 N. W. 2d 699.)

For the appellant there were briefs by *Howard B. Eisenberg*, state public defender, and *Ruth S. Downs*, assistant state public defender, both of Madison.

For the respondents there was a brief by *Bronson C. La Follette*, attorney general, and *William L. Gansner*, assistant attorney general, both of Madison.

BEILFUSS, J. Renner, through his counsel, the State Public Defender, contends that the trial court erred in finding that the department's action was not arbitrary or capricious. The precise issues raised on appeal are:

(1) Whether the department correctly found that the appellant's conduct constituted a violation of the conditions of parole; (2) whether the department was required to state reasons for revocation which evidenced the consideration of alternatives to a return to prison; and (3) whether the appellant, as a mandatory release parolee, was denied due process and equal protection when his good time credits were revoked without a hearing.

By letter dated January 6, 1976, the Assistant Public Defender has informed this court that Renner was again released on parole on September 12, 1975, and is scheduled to be permanently discharged on February 7, 1976. The issue now is whether the questions presented on appeal are moot. This court, as a general rule, will not consider questions which have become moot due to a change in circumstances unless the question is one of great public importance. *State v. Seymour* (1964), 24 Wis. 2d 258, 128 N. W. 2d 680. Only the issue regarding the revocation of good time credits might be said to have considerable public importance and that question has already been resolved by this court. *See: Putnam v. McCauley* (1975), 70 Wis. 2d 256, 234 N. W. 2d 75.

The other questions presented have importance only as between the parties to the appeal.

The question of mootness must turn upon a determination as to whether this court, by ruling in favor of the appellant on the issues raised, might afford him some relief which he has not already achieved by his re-release on parole. This determination should be made without reference to the merits of the appellant's contentions on appeal. A decision by this court that the department's action was arbitrary and capricious would compel Renner's release on parole. He is now on parole and has been since September 12, 1975. However, the Assistant Public Defender, in her letter, argues that the questions

are not moot "[s]ince revocation is a blot on any individual's record." A decision by this court upon the issues raised will in no manner affect Renner's record of criminal convictions and sentences imposed. The relief sought by this appeal was release on parole. He has achieved that objective. The fact that his parole was revoked for a comparatively short period of time does not constitute such a "blot" upon his record so as to require judicial intervention.

The basis for the Supreme Court's holding in *Morrissey v. Brewer* (1972), 408 U. S. 471, 92 Sup. Ct. 2593, 33 L. Ed. 2d 484, that minimal due process requirements attach to parole revocation proceedings was that such proceedings threaten the loss of conditional freedom, a "grievous loss" contained within the concept of "liberty." Likewise, this court's determination in *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306, that revocation proceedings are reviewable by writ of certiorari followed directly from its conclusion, preceding *Morrissey,* that minimal due process rights must be afforded a parolee threatened with the loss of his conditional freedom. It is readily apparent that the detriment now sought to be remedied in this case is not of similar stature. It is not such a loss as would warrant, standing alone, the safeguard of judicial review.

In this case, consistent with department practice prior to *Putnam, supra,* the appellant's good time credits were automatically revoked upon revocation of his parole. *Putnam* requires that the department exercise its discretion in determining how much good time must be forfeited. The number of good time credits affects the computation of a prisoner's ultimate discharge date. The appellant's re-release on parole does not necessarily afford the relief required by *Putnam.*

More importantly, we hold *Putnam* is not to be applied retroactively. Renner's parole was revoked on January

10, 1974, and he was again placed on parole September 12, 1975. *Putnam* was decided on October 28, 1975.

*By the Court.*—Appeal dismissed.