OSHKOSH STUDENT ASSOCIATION, Plaintiff-Appellants, v. BOARD OF REGENTS OF UNIVERSITY OF WISCONSIN SYSTEM, Defendants-Respondents.

Court of Appeals

*No. 78–348. Submitted on briefs March 12, 1979.—*
*Decided April 18, 1979.*
(Also reported in 279 N.W.2d 740.)

For the appellants the cause was submitted on the briefs of *Curry First* and *Perry, First & Reiher, S.C.* of Milwaukee.

For the respondents the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Leroy L. Dalton,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   This is an appeal from an order granting defendants' motion to dismiss plaintiffs' complaint. The circuit court found that the plaintiffs' complaint failed to state a claim upon which relief could be granted.

Section 36.09 (5), Stats., enacted by ch. 355, Laws of 1973, provides:

The students of each institution or campus subject to the responsibilities and powers of the board, the president, the chancellor and the faculty shall be active par-

ticipants in the immediate governance of and policy development for such institutions. As such, students shall have primary responsibility for the formulation and review of policies concerning student life, services and interests. Students in consultation with the chancellor and subject to the final confirmation of the board shall have the responsibility for the disposition of those student fees which constitute substantial support for campus student activities. The students of each institution or campus shall have the right to organize themselves in a manner they determine and to select their representatives to participate in institutional governance.

On December 9, 1977, the Board of Regents of the University of Wisconsin authorized recruiting a chancellor at the University of Wisconsin-Oshkosh. Board of Regents, Resolution No. 325, dated November 3, 1972, authorized the president of the University of Wisconsin to appoint a Search and Screen Committee for chancellor vacancies, and President Edwin Young did so. He decided that the committee should be comprised of six faculty members, two members of the student body, two members of the administration, and one member of system administration.[1] He requested that the Oshkosh Student Association submit a list of four students from which he would choose two to be on the Search and Screen Committee. The student association refused to do so and instead submitted two names. The student association took the position that sec. 36.09(5), Stats., gave it the right to

---

[1] The system president was required to include students on any Search and Screen Committee he appointed by paragraph 3 of Regent Resolution No. 325:

The System President would then appoint a Search and Screen Committee comprised of:

a. A majority of faculty, selected by the System President after consultation with appropriate faculty representatives.

b. Students and administrators.

c. A chairman shall be appointed by the System President from among the faculty members of the Committee.

appoint the student representatives to the Search and Screen Committee.

President Young refused to appoint the two students to the Search and Screen Committee and directed the committee to proceed without student representation. The Oshkosh Student Association commenced this declaratory judgment action seeking a declaration that the Oshkosh Student Association has the right to directly appoint representatives to the Search and Screen Committee, and also seeking an injunction preventing defendants from continuing to refuse the two student appointees' admittance to the Search and Screen Committee. The circuit court granted defendants' motion to dismiss plaintiffs' complaint, and plaintiffs appeal.

The threshold question is whether this case is moot because the Search and Screen Committee has finished its work, and a chancellor has been selected for the University of Wisconsin-Oshkosh.[2] As a general rule, this court will not consider questions which have become moot due to a change in circumstances. We will, however, decide a moot question if it is of great public importance. *State ex rel. Waldeck v. Goedken,* 84 Wis.2d 408, 413, 267 N.W.2d 362 (1978). Where a problem is likely to recur and it is of sufficient importance to warrant a holding from this court to guide trial courts in similar instances, we may consider an appeal of this nature on the merits. *Carlyle v. Karns,* 9 Wis.2d 394, 397, 101 N.W.2d 92 (1960).

The University of Wisconsin System serves a substantial number of Wisconsin residents. The rights of residents who are students are of great public importance. It is unlikely that the issue raised by this case can ever

---

[2] In their briefs, the parties agree that a chancellor has now been selected for the University of Wisconsin-Oshkosh.

be resolved by an appellate court by the time a chancellor is chosen because the delays inherent in our judicial system would probably allow a chancellor to be chosen before this court or the supreme court could decide the issue. In a similar case, the Wisconsin Supreme Court found that the issue of the validity of specific student appointments made by an assistant chancellor to a committee was moot, but did decide the issue. *Student Asso., U. of Wis.-Milw. v. Baum*, 74 Wis.2d 283, 293, 246 N.W. 2d 622 (1976). Further, the problem is one which is capable of repetition and yet may avoid review. See *Storer v. Brown*, 415 U.S. 724, 737 n. 8 (1974). The issue presented in the case before us is of sufficient public importance to warrant our deciding the case on the merits.

Plaintiffs first argue that any committee established by a chancellor, the president, or the regents must have any positions designated for students filled by designees chosen by the students or their representatives. It contends that the entire University of Wisconsin System is an institution and that sec. 36.09(5), Stats., requires that the students themselves select their representatives to participate in institutional governance.

Section 36.05, Stats., defines "institution" and "system:"

"Institution" means any university or an organizational equivalent designated by the board. Sec. 36.05(9).
"System" means the university of Wisconsin system. Sec. 36.05(12).

If "system" had the same meaning as "institution," the legislature would have given those two words the same definition. The first argument of plaintiffs is without merit.

The more difficult question is whether sec. 36.09(5), Stats., requires committee vacancies designated for stu-

dents to be filled with students appointed by the students or their association, or whether these vacancies may be filled with students appointed by the president of the University of Wisconsin System.

The trial court held that sec. 36.09(5), Stats., differentiated between committees that were concerned with system-wide governance and committees that were concerned with institutional governance. It held that the selection of a chancellor is a matter of governance of the University of Wisconsin System, and not of institutional governance, and that plaintiffs therefore did not have the right to appoint representatives to the Search and Screen Committee.

The issue in this case is not who shall appoint the chancellor, for both parties agree that the authority is vested in the Board of Regents by virtue of sec. 36.09 (1)(e), Stats. The plaintiffs further concede that the regents and president could have decided to have no student positions whatsoever on the Search and Screen Committee. The plaintiffs are demanding the right to appoint their own representatives on the committee, where student positions on the committee are authorized. They demand the right even though it may be that none of the representatives recommended by the committee will be selected for the chancellor's position by the president of the University of Wisconsin System or the Board of Regents.

We agree with the trial court that the plaintiffs' right to appoint turns on whether the Search and Screen Committee is concerned with system-wide or institutional governance. The trial court found that the function of the Search and Screen Committee was "solely and simply, to aid the Regents in their selection of a new chancellor for the university."

We hold that sec. 36.09(5), Stats., gave the students the right to appoint their representatives to the Search

and Screen Committee. This holding is required by the case of *Student Asso., U. of Wis.-Milw. v. Baum,* 74 Wis.2d 283, 246 N.W.2d 622 (1976). There, the supreme court held that sec. 36.09(5) gave students the right to appoint their representatives to an Interim Guidelines Committee. The court described the Interim Guidelines Committee:

The Interim Guidelines Committee was not a standing or continuing committee. It was to formulate guidelines to be submitted to the regents within a specified limited period of time and was to be disbanded after this function had been performed. 74 Wis.2d 283, 289.

The similarity between the Interim Guidelines Committee and the Search and Screen Committee is striking. In both cases the committee was comprised of individuals associated with a single institution. Each committee's duties were to advise the Board of Regents on a subject that predominantly pertained to a single institution. The purpose of the Search and Screen Committee was not to appoint a chancellor for the University of Wisconsin-Oshkosh, but only to recommend several persons for that position to the Board of Regents. The concern of the committee was not with a system-wide matter, but with a matter that affected the University of Wisconsin-Oshkosh. A chancellor's activities and decisions are felt most strongly at his institution. He must, of course, be guided by the president and Board of Regents, but the impact of his governance is predominantly upon the institution he governs.

The plaintiffs had the right to directly appoint their representatives to the Search and Screen Committee.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.