IN the INTEREST OF V. L. H., a person under the age of 18: V. L. H., Appellant,

v.

STATE of Wisconsin, Respondent-Petitioner.

Supreme Court

*No. 79-1723. Argued September 4, 1980.—*
*Decided September 30, 1980.*

(Also reported in 297 N.W.2d 23.)

For the respondent-petitioner the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the appellant there was a brief by *Richard J. Phelps* and *John Franz,* Youth Policy and Law Center, Inc., of Madison and *Steven P. Weiss,* assistant state public defender, with oral argument by *Richard J. Phelps.* There was also a brief filed by *Ryan D. Lister* and *Bewick, Ross & Lister* of Evansville.

STEINMETZ, J.   On February 7, 1979, the appellant V.L.H. (juvenile) was adjudicated a delinquent under a charge of criminal damage to property pursuant to sec. 943.01, Stats., by a Rock county judge.

She was placed on formal supervision with the Rock County Department of Social Services for one year, under an order expiring April 14, 1980.

On April 18, 1979, the juvenile was placed in Our Lady of Charity Treatment Center in Green Bay for court-ordered supervision.

On August 14, 1979, an assistant district attorney for Rock county filed a "petition for revision of dispositional order" pursuant to sec. 48.363, Stats.[1] The petition alleged that the appellant violated the terms of her court-

---

[1] "48.363 **Revision of dispositional orders.** The parent, child, guardian or legal custodian or any person or agency bound by a dispositional order may petition for a revision in the order, or the court may on its own motion propose such a revision. The petition or court proposal shall set forth in detail the nature of the proposed revision and the reasons why it is alleged to be preferable to the order in light of the information and alternatives currently available under s. 48.33. The petition or court proposal

ordered supervision by leaving without consent the Our Lady of Charity Treatment Center in Green Bay, Wisconsin, on three separate occasions in 1979. The petition recommended that the appellant's custody be transferred to the Department of Health and Social Services (department) for placement at the Lincoln Hills School, a secured correctional institution.

On August 15, 1979, a hearing was held on the petition. Evidence was offered evidencing a history of uncontrollability and that she was a frequent "runaway" before the April 14, 1979, order.

The court made no specific findings, but merely stated its conclusion that the appellant "does pose a danger not only to society but to herself." It entered the order transferring custody to the department appealed from and required the appellant's immediate placement at the Lincoln Hills School.

The juvenile appealed to the court of appeals and on April 4, 1980, in an unpublished three-judge decision, that court reversed and remanded to the trial court.

The state of Wisconsin has petitioned this court to review the court of appeals decision.

On June 13, 1980, the circuit court ordered the juvenile released from the Lincoln Hills School since the date of her original dispositional order had expired. The child is

shall be sent to all parties, any of whom may demand a hearing by filing objections to the proposed revision within 10 days. A revision of a dispositional order may transfer custody of a child to the subunit of the department administering corrections only if a hearing is held, unless waived by the child, parent, guardian and legal custodian, before the judge makes a decision on the issue. The child shall be entitled to counsel at the hearing, and any party opposing or favoring the proposed revision may present relevant evidence and cross-examine witnesses. The proposed revision may be approved only if the judge finds, on the record, that the conditions set forth in s. 48.34(4m) have been met. No revision may extend the effective period of the original order."

no longer in custody. The second dispositional order of the Rock county court of August 15, 1979, appealed from has also expired. Therefore, the issues as to the parties of this case are moot.

The state is concerned with the court of appeals definitions of truancy and when a child is a danger to the public. However, that decision is unpublished and not of precedential value.

The questions presented on this appeal are moot since "a determination is sought which, when made, cannot have any practical effect upon an existing controversy." *Schwarzbauer v. Menasha,* 33 Wis.2d 61, 63, 146 N.W.2d 402 (1966). The determination of this court, either in favor of or contrary to the orders of the circuit court and appellate court, will have no practical legal effect since the appellant has already gained her full freedom due to reasons which are not at issue on this appeal.

The trial court did not state any findings of fact. The record on appeal does not contain the original dispositional order. There was no recorded testimony regarding the facts surrounding the criminal damage to property incident which led to the delinquency adjudication. There was no testimony regarding the facts surrounding the juvenile's escapes from the residential treatment center or her activities while on the run. Although the trial judge indicated he was aware of her activities, neither the source of his information nor its extent appear in the record.

This court has previously announced that it will not ordinarily consider questions which have become moot. There are several exceptions to this rule.[2] One exception

[2] *See, State ex rel. Renner v. H&SS Dept.,* 71 Wis.2d 112, 237 N.W.2d 699 (1976); *Mueller v. Jensen,* 63 Wis.2d 362, 217 N.W. 2d 277 (1974); *Oshkosh Student Asso. v. Board of Regents,* 90

is that the court will consider questions which are otherwise moot if the question "is one of great public importance." *State ex rel. Renner v. H&SS Dept.*, 71 Wis. 2d 112, 116, 237 N.W.2d 699 (1976). The questions raised by this case are important, particularly the issue of the definition of "danger to the public" as used in sec. 48.34(4m), Stats.[3] Public importance, however, is not the only requirement if this court is to consider a moot question. There must also be sufficient evidence in the record so that this court can rule on the issues presented based on the actual facts of the case before it. It is not the duty nor jurisdiction of this court to interpret statutes on the basis of speculation, assumptions or on hypothetical situations. The facts presented in this case are not sufficient for this court to form a definition of "danger to the public." Consequently, this court, while not accepting the definitions announced by the court of appeals states no definitions of its own.

*By the Court.*—Review of a decision of the court of appeals dismissed.

---

Wis.2d 79, 279 N.W.2d 740 (1979); *Smith v. Whitewater*, 251 Wis. 306, 29 N.W.2d 33 (1947); *Jefferson Gardens, Inc. v. Terzan*, 216 Wis. 230, 257 N.W. 154 (1934); *Katz v. Miller*, 148 Wis. 63, 133 N.W. 1091 (1912).

[3] "48.34 **Disposition of child adjudged delinquent.** If the judge adjudges a child delinquent, he or she shall enter an order deciding one or more of the dispositions of the case as provided in this section under a care and treatment plan, except that subs. (4m) and (8) shall be exclusive dispositions:

". . .

"(4m) Transfer legal custody to the subunit of the department administering corrections for placement in a secured correctional facility, but only if:

"(a) The child has been found to be delinquent for the commission of an act which if committed by an adult would be punishable by a sentence of 6 months or more; and

"(b) The child has been found to be a danger to the public and to be in need of restrictive custodial treatment."