STATE of Wisconsin, Plaintiff-Respondent,

v.

McKinley SHUMATE, Defendant-Appellant-Petitioner.

Supreme Court

*No. 81–232–CR. Argued March 31, 1982.—Decided June 2, 1982.*

(Also reported in 319 N.W.2d 834.)

For the defendant-petitioner there was a brief (in court of appeals) by *James R. Glover* and *Shellow & Shellow;* and a reply brief (in this court) by *Waring R. Fincke* and *Shellow, Shellow & Glynn, S.C.,* of Milwaukee, and oral argument by *Mr. Fincke.*

For the plaintiff-respondent the cause was argued by *Daniel J. O'Brien,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HEFFERNAN, J. This is a review of an unpublished decision of the court of appeals dated July 20, 1981,

which dismissed as moot an appeal from an order of the circuit court for Milwaukee county, TED E. WEDEMEYER, JR., Circuit Judge, denying Shumate's application for bail pending a federal habeas corpus proceeding in the United States District Court. We vacate the decision of the court of appeals dismissing the appeal and affirm the circuit court's order denying the application for bail.

The underlying facts show that the defendant was convicted of attempted murder on February 1, 1973. In June of 1979, Shumate moved for post-conviction relief pursuant to sec. 974.06, Stats., challenging the conviction for attempted murder on the ground that the presumption-of-intent instructions to the jury given by the trial court in 1973 violated his constitutional rights by impermissibly shifting the burden to him. In October 1979, the post-conviction court granted Shumate's motion and vacated the conviction for attempted murder and released Shumate on bail. On November 14, 1979, the state appealed from the post-conviction order vacating the conviction.

During the pendency of that appeal, this court issued its opinion in *Muller v. State,* 94 Wis. 2d 450, 289 N.W.2d 570 (1980), ratifying the presumption instruction used at Shumate's trial. On the basis of *Muller,* the court of appeals, by a per curiam opinion, reversed the circuit court's order vacating the defendant's conviction. The defendant's review from that court of appeals' decision was denied. Shumate then petitioned the United States District Court for a writ of habeas corpus, challenging the conviction for attempted murder on the same grounds which he had raised in the state court. Upon remittitur to the circuit court for Milwaukee county following the denial of his petition for review in this court, he brought a motion in the circuit court to continue his release on bail pending the disposition of the federal habeas corpus proceeding. The circuit court ruled that it did not have

the power to stay the reimposition of the sentence or continue his release on bail pending the federal habeas corpus proceeding.

The circuit court ordered the reinstatement of the conviction, the defendant's surrender, and the denial of his motion for bail. On the same day, however, Shumate filed notice of appeal from that portion of the order denying bail, and the circuit court released him on bail pursuant to secs. 809.31 and 969.01 (2) (c), Stats., pending the outcome of the appeal.[1]

While Shumate's appeal was pending before the Wisconsin Court of Appeals, the United States District Court denied the application for habeas corpus. The state of Wisconsin then moved to dismiss Shumate's appeal of the bail issue in the Wisconsin Court of Appeals, because the issue posed by Shumate was limited to the right to bail while habeas corpus was pending before the United States District Court. The Wisconsin Court of Appeals granted the state's motion, and despite the fact that it had been informed that an appeal had been taken from the District Court to the United States Court of

[1] Sec. 809.31 (Rule) provides that, under certain circumstances, a person convicted of a felony may be released pending the determination of an appeal. We conclude that this rule has no application in a situation such as this, where the appeal is from an order denying bail and the propriety of the conviction or sentence is no longer the subject of an appeal in the state court system. It makes no sense under the circumstances posed in the instant case for a court to deny bail because it lacks the power to do so and then to grant bail pending an appeal from that determination. While we can understand why the trial court, literally following the terms of sec. 809.31 and possibly 969.01(2) (c), permitted bail, it is clear that the purpose of these statutes was to allow bail only under the circumstances set forth therein, an appeal from the conviction or sentence. Defendant should not have been released during the pendency of these proceedings. The terms of those statutes simply do not cover a release of the kind granted here.

Appeals, it held that the sole issue was whether the Wisconsin Circuit Court had power to continue release on bail pending the disposition of the writ on file in the United States District Court. It reasoned that, while appellate proceedings may have been commenced in the federal court system, the habeas corpus proceedings, which were the reason for the bail application, had been terminated. It dismissed the appeal as moot.

For the purposes of this review, we need not determine whether the actual controversy brought in the circuit court for Milwaukee county was moot in a technical sense. Rather than to take as narrow a view of the controversy as did the Wisconsin Court of Appeals, we believe it would have been equally appropriate for that court to have looked upon the appeal to the United States Court of Appeals as a mere continuation of the petition for relief brought in the Federal District Court. As so viewed, the controversy was not at an end merely because there had been a preliminary adjudication in the United States District Court.

We need not, however, determine on this review the correctness of either viewpoint. A larger substantive issue is presented. That substantive question is whether the inherent power of a circuit court to stay execution of a sentence for legal cause includes the power to stay sentence while a collateral attack is being made on the conviction by habeas corpus proceedings in the federal court system. This question is one which has not heretofore been decided by this court and is likely to recur in the circuit courts of this state. Thus, even if we were to unreservedly agree with the court of appeals that, due to changing circumstances, Shumate's appeal has become moot, we would nevertheless address it, because it does present an issue of substantial public importance. *See, State v. Seymour,* 24 Wis. 2d 258, 261, 128 N.W.2d 680 (1964) ; *State ex rel. Renner v. H&SS Dept.,* 71 Wis.

2d 112, 237 N.W.2d 699 (1976) ; *In the Interest of V.L. H.*, 98 Wis. 2d 430, 297 N.W.2d 23 (1980). We address ourselves to the underlying substantive question.

Both the defendant and the state acknowledge that there is no statute dealing explicitly with the question of whether a circuit court has power to suspend the execution of a sentence and to release a defendant on bail pending the disposition of a federal habeas corpus challenge. The defendant, however, asserts that bail may be afforded in the court's discretion by the exercise of the trial court's residual inherent authority to grant a stay for legal cause. It is the state's position that the inherent power to release a convicted felon on bail is extremely limited and that most situations in which this court in past years has recognized any inherent power have now been explicitly recognized by statute. It asserts that the only inherent power remaining to a trial court is to grant a temporary stay for legal cause having to do with a challenge within the state court system to the sentence or conviction.

In the instant case the defendant has exhausted all his remedies in the state court system, both by direct appeal and by appeal from the collateral attack brought by motion under sec. 974.06, the Wisconsin post-conviction remedy statute. What the defendant now seeks is a stay in the state court of the execution of a state court judgment when no state court any longer has the power to grant further relief from that judgment. Nevertheless, defendant asserts that state trial courts have the residual inherent authority to grant a stay for this purpose.

In the recent case, *State v. Braun,* 100 Wis. 2d 77, 84, 301 N.W.2d 180 (1981), relying upon *In re Webb,* 89 Wis. 354, 62 N.W. 177 (1895), and *Drewniak v. State ex rel. Jacquest,* 239 Wis. 475, 1 N.W.2d 899 (1942), we reaffirmed the statement from *Drewniak:*

" 'It is considered that this court is committed to the doctrine that courts have no inherent power to stay execution of a sentence in a criminal case in the absence of statutory authority except for the limited purpose of affording relief against the sentence itself.' "

Similar statements appear in *Donaldson v. State,* 93 Wis. 2d 306, 286 N.W.2d 817 (1980) ; *State v. Wilson,* 77 Wis. 2d 15, 21, 252 N.W.2d 64 (1977) ; *Drinkwater v. State,* 69 Wis. 2d 60, 65–6, 230 N.W.2d 126 (1975).

*Drewniak,* cited above, relies in part upon *Ex parte United States,* 242 U.S. 27 (1916). The United States Supreme Court in that case summarized the law of various states and, relying upon *In re Webb, supra,* concluded that Wisconsin fell within that group of states in which it is held that a trial court has no inherent power to stay execution of the sentence and that execution of a sentence cannot be stayed except for the purpose of giving effect to an appeal.

Although, as we pointed out in *State v. Braun, supra* at 85, "Precisely what constitutes legal cause for the stay of execution of sentence has not been defined in detail in our law," it is apparent that this term, "legal cause," means that a stay or release on bail is appropriate only when the defendant has the right to pursue within the Wisconsin court system some relief against the sentence or conviction.

While *Weston v. State,* 28 Wis. 2d 136, 135 N.W.2d 820 (1965), appears to depart from that general rule, a review of the facts of that case shows a stay of execution of a sentence was allowed only because of the pendency of further and closely related proceedings within the state court system itself, which proceedings could have an effect on the disposition of the very case. We pointed out in *Drinkwater v. State; supra* at p. 66, fn. 1, that the holding in *Weston* must be limited to its precise facts.

While it is true that a habeas corpus proceeding in the federal courts seeks relief against the judgment or sentence itself, the relief sought could no longer be afforded in the Wisconsin court system. We believe that the uniform tenor of the Wisconsin cases and the common sense viewpoint is that the rule of this court regarding the power to stay or to grant bail in order to seek relief against the judgment itself was meant only to apply to proceedings in the Wisconsin courts. Once a defendant has exhausted all remedies in this court system, the the trial court has no choice but to remand the defendant immediately to the executive authority of the state for incarceration.

This rationale, which has been used in *Braun, supra,* stems from *Ex parte United States,* 242 U.S. 27 (1916). There the United States Supreme Court pointed out that ultimately a court's power was limited by the doctrine of separation of powers. Under that doctrine, power is assigned to the legislature to enact laws, to define crimes, and to fix the degree and method of punishment; to the judiciary is assigned the power to try offenses under the law and to impose punishment within the limits set by the legislature; and to the executive is assigned the power to relieve from the punishment fixed by law. Based upon that analysis, the United States Supreme Court concluded that, with the few exceptions recognized by the common law, or specifically by statute, the stay of execution of a sentence constituted a usurpation of the executive or the legislative power.

While, as we pointed out in *Braun,* the federal courts have shown a willingness to allow stays of execution after sentence, it should be noted that such stays are either in the context of an appeal or in extraordinary circumstances where the defendants are given the opportunity to put their affairs in order before they start

serving their sentences. The latter purpose, as a matter of Wisconsin law, was specifically rejected in *Braun.*

While we are satisfied that there is some inherent power in a state court to grant a stay and to enlarge a convicted person on bail when avenues of relief within the state court remain open to a defendant, except for that narrow exercise of the inherent power, a stay not related to the powers of the Wisconsin court to grant further relief against the conviction or sentence would constitute a usurpation of legislative or executive power. As *Braun* pointed out, a stay after conviction where not sanctioned by the narrow exceptions of the statute or common law directly contravenes the public policy stated by the legislature. As stated in *Braun* at 86–7:

"As a practical matter, the decision to deny release on bail after sentencing is a very reasonable choice of policy. Bail is a device which exists to insure society's interest in having the accused answer to a criminal prosecution without unduly restricting his liberty and without ignoring the accused's right to be presumed innocent. *See Gaertner v. State,* 35 Wis. 2d 159, 164–65, 150 N.W.2d 370 (1967) ; *Whitty v. State,* 34 Wis. 2d 278, 286, 149 N.W.2d 557 (1967). This purpose is fulfilled when the defendant is convicted and sentenced. Upon conviction and sentence, society's interest in the defendant's incarceration is at its peak. The defendant's liberty has been denied by virtue of the due process of law. To allow the defendant to be released on bail at this point in the criminal law process would be to chance society's right to the vindication of criminal wrongdoing on the criminal's moral reluctance to 'purchase' his liberty by forfeiting a sum certain of his own (or, as in this case, someone else's) money. The legislature has wisely decided not to take that chance."

It is apparent that, after the exhaustion of every possible state remedy, society has an even stronger interest in having the defendant incarcerated forthwith. We ac-

cordingly conclude that, after conviction and exhaustion of all state remedies, there is no right to bail.

It should be remembered, however, that a federal court, when a habeas corpus proceeding is pending before it, has the right to release a convicted state prisoner on bail. *In re Wainwright* (5th Cir. 1975), 518 F.2d 173. Basically, a federal habeas corpus proceeding poses a challenge to the legal conclusions of the state court system in which a defendant has exhausted his remedies. Although the Wisconsin courts are bound by the constitutional directives of ultimate federal determinations, it is not unusual that differences of opinion in respect to constitutional questions may arise between the two systems. It is not, however, for a trial court of the state of Wisconsin to conclude, where the appellate courts of the state have ruled otherwise, that there is probable merit in a federal habeas corpus proceeding. If this determination is to be made, it should be made by the court system which will ultimately have the power to so determine. We are satisfied that such a determination resulting in a release on bail by a trial court of the state of Wisconsin constitutes a usurpation of the jurisdiction of the appellate determinations of the state, as well as a usurpation of executive and legislative authority.

In addition, basic considerations of comity would require a state court to abstain when the question posed relates to a defendant whose rights in the state courts are exhausted and when the future outcome of his pending litigation is solely within the authority of the federal court system.

We conclude that the circuit court correctly ruled that it was without power to stay the reimposition of the sentence and to continue Shumate's release on bail. Because, under the circumstances of this case, we find the issue posed is one of substantial public importance, we vacate the court of appeals' decision dismissing the appeal and affirm the order of the circuit court denying bail.

*By the Court.*—Decision of the court of appeals vacated; order of the circuit court affirmed.

.CECI, J., took no part.