JOHN P. RUNDE, District Attorney Portage County
You have asked me the following question: "Does a court have the authority to stay the imposition [execution] of a sentence to the county jail for a period longer than 60 days?" The answer is no except for legal cause.
You state that the Portage County Jail is overcrowded and that, as a result, the jailor for the Portage County Sheriff's Department is delaying the execution of sentences for traffic offenses for as long as a year.
Section 973.15(8), Stats., provides:
 The sentencing court may stay execution of a sentence of imprisonment only:
(a) For legal cause;
(b) Under s. 973.09(1)(a); or
(c) For not more than 60 days.
 The purpose of section 973.15(8) was explained in the Judicial Council Note, 1981:
 Sub. (8) has been added to specify the circumstances under which execution of a sentence of imprisonment may be stayed. Par. (a) references the rule of Reinex v. State, 51 Wis. 152 (1881) and Weston v. State, 28 Wis.2d 136 (1965), whereby execution can be stayed for "legal cause", such as during the pendency of an appeal. Par. (b) cross-references the probation statute. Par. (c) is new. It allows the court to delay the commencement of a sentence for up to 60 days. The Wisconsin supreme court recently held that courts have no authority to stay execution of a sentence of imprisonment in the absence of such a statutory provision or legal cause. State v. Braun, 100 Wis.2d 77 (1981). *Page 166 
The first question that must be answered is whether section973.15(8) applies to jail sentences as well as prison sentences. The answer is yes.
Section 990.01 provides:
 Construction of laws; words and phrases. In the construction of Wisconsin laws the words and phrases which follow shall be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the legislature:
 (1) General Rule. All words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning.
The common and approved meaning can be ascertained by reference to a recognized dictionary. State v. Kay Distributing Co., Inc.,110 Wis.2d 29, 35, 327 N.W.2d 188 (Ct.App. 1982). "Imprisonment" is defined in Black's Law Dictionary 681 (5th ed. 1979) as follows:
 The act of putting or confining a man in prison. The restraint of a man's personal liberty; coercion exercised upon a person to prevent the free exercise of his powers of locomotion. It is not a necessary part of the definition that the confinement should be in a place usually appropriated to that purpose; it may be in a locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint (such as locks or bars), as by verbal compulsion and the display of available force. Every confinement of the person is an "imprisonment," whether it be in a prison, or in a private house, or even by forcibly detaining one in the public streets. Any unlawful exercise or show of force by which person is compelled to remain where he does not wish to be.
(Emphasis added.) This definition is clearly broad enough to include jail sentences as well as prison sentences.
Furthermore, in construing a statute, the entire section and related sections are to be considered. State v. Clausen,105 Wis.2d 231, 244, 313 N.W.2d 819 (1982). A statute should be construed to give effect to its leading idea, and the entire statute should be brought into harmony with the statute's purpose. Ibid. Sections of *Page 167 
statutes relating to the same subject matter must be construed inpari materia. Ibid.
A number of sections in chapter 973 use the term "imprisonment" to include jail sentences. For example, section 973.015(1) refers to "imprisonment for one year or less in the county jail." Section 973.02 provides that the "place of imprisonment" when the sentence is less than one year shall be "the county jail." Section 973.03(3)(a) refers to "imprisonment in the county jail." And section 973.035 refers to "sentence of imprisonment to . . . a county jail." Since all of these sections, as well as section973.15(8), relate to sentencing, they should be construed in parimateria. Hence, the term "imprisonment" as used in section973.15(8) should be construed to include jail sentences.
Since subsection (b) of section 973.15(8) is merely a cross-reference to the probation statute which has no application in the present context, the question that remains is whether an overcrowded jail constitutes "legal cause" as that term is used in section 973.15(8)(a). The answer is no.
In State v. Shumate, 107 Wis.2d 460, 465, 319 N.W.2d 834
(1982), the court reviewed a number of cases dealing with the power of a trial court to stay the execution of a sentence. The court concluded that a trial court has no inherent power to stay execution of a sentence in the absence of statutory authority or legal cause. Ibid. The court also concluded, quoting from Statev. Braun, 100 Wis.2d 77, 85, 301 N.W.2d 180 (1981), that although:
 "Precisely what constitutes legal cause for the stay of execution of sentence has not been defined in detail in our law," it is apparent that this term, "legal cause," means that a stay or release on bail is appropriate only when the defendant has the right to pursue within the Wisconsin court system some relies against the sentence or conviction.
Shumate, 107 Wis.2d at 465; emphasis added.
Since the Judicial Council Note makes specific reference toBraun, it seems clear that "legal cause," for purposes of section973.15(8)(a), should be given the narrow interpretation given that term by the supreme court in Shumate. Consequently, an overcrowded jail would not constitute legal cause for staying execution of a sentence beyond sixty days. *Page 168 
It should be noted, however, that section 973.03(1) provides that "[i]f at the time of passing sentence upon a defendant who is to be imprisoned in a county jail there is no jail in the county suitable for the defendant . . . the court may sentence the defendant to any suitable county jail in the state." Since an overcrowded jail would not be suitable, it may be appropriate for the court to use section 973.03(1) to alleviate the overcrowded jail conditions that exist in Portage County.
DJH:JJG *Page 169