STATE of Wisconsin EX REL. Bruce A. STRONG, Petitioner,

v.

CIRCUIT COURT FOR DANE COUNTY and the Honorable Patrick J. Fiedler, Respondents.

Court of Appeals

*No. 93–3236–W. Submitted on a petition December 7, 1993.—Decided April 21, 1994.*

(Also reported in 516 N.W.2d 451.)

For the petitioner the cause was submitted on the petition of *Daniel A. MacDonald* of *Mohs, MacDonald & Widder* of Madison.

For the respondents the cause was submitted on the response of *James E. Doyle*, attorney general, and *Laura Dulski*, assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   Strong seeks a supervisory writ to compel the circuit court to grant his substitution of judge request. The issue is whether the fifteen-day limit of § 971.20(5), STATS., commences before the assigned trial judge has taken the judicial oath. We conclude that the statutory time limit to request substitution does not commence until the assigned individual has become a judge. Therefore, we grant the petition for a supervisory writ and order the circuit court to vacate its December 2, 1993 order denying Strong's substitution request.

Strong was notified on November 2, 1993, that his case was assigned to that branch of the circuit court in which Patrick J. Fiedler would become the presiding judge.[1]   The parties agree that § 971.20(5), STATS., is the applicable statutory section.[2] Section 971.20(5) affords the defendant fifteen days from "the clerk's giving actual notice or sending notice of the assignment to the defendant or the defendant's attorney" to request substitution of a trial judge subsequently assigned. Strong moved for substitution on November 29, 1993, because the assigned trial judge did not take the judi-

[1] The notice did not indicate that Fiedler had not yet assumed office, but merely that the action was scheduled in "Branch 08 Hon. Patrick J Fiedler Presiding."

[2] Because the notice indicated that a jury drawing and a jury trial were scheduled approximately one month following the date of the notice, we presume that Judge Fiedler was the subsequently assigned judge, not the originally assigned judge.

cial oath until November 24, 1993. Strong contends that his fifteen days to request substitution commenced November 24, 1993, when Fiedler became a judge. The circuit court contends that the fifteen-day limit began on the date of notice, November 2, 1993.

Because this is an issue of first impression, we ordered a response from the circuit court. We conclude that the increasing number of judicial appointments warrants publication of this opinion.[3]

Section 757.02(1), STATS., provides that "[e]very person elected or appointed . . . judge of the circuit court . . ., *shall take, subscribe and file the following oath: . . . I, the undersigned, who have been elected (or appointed) to the office of [judge], but have not yet entered upon the duties thereof,* do solemnly swear . . . ." (Emphasis added.) A judge is not empowered to act before he or she takes the judicial oath and before commencement of his or her judicial term. A party cannot request substitution against an individual who is not empowered to act.

We conclude that the statutory time limit for requesting substitution begins to run on the later of the date the assigned individual becomes a judge, or on the date of actual notice of the judge's assignment.[4] If we

---

[3] Petitioner notified us that his petition was rendered moot because his case was transferred to a different branch of the circuit court for consolidation with another case. Petitioner then entered a plea and was sentenced in the consolidated case. Because this issue is likely to recur, we publish this opinion to guide circuit court judges and clerks in similar instances. *See Oshkosh Student Assoc. v. Board of Regents of Univ. of Wis. Sys.,* 90 Wis. 2d 79, 82, 279 N.W.2d 740, 741 (Ct. App. 1979).

[4] We do not criticize the circuit court clerk for notifying the parties of assignments before the appointee assumes office. In many instances, parties will not seek substitution and an

were to hold otherwise, a defendant's single substitution right would be lost, even if the judicial appointee failed to assume office.[5] Because the notice subsequently assigning this case to Fiedler preceded his assuming office, we hold that the fifteen-day time limit of § 971.20(5), STATS., commenced to run on November 24, 1993, the date he took office, not on November 2, 1993, when counsel was notified of the reassignment.

Because this case has been transferred to another branch of the circuit court, we need not direct Judge Fiedler to relinquish the case. However, to dispose of this petition, we grant it and direct the circuit court to vacate its order of December 2, 1993.

*By the Court.*—Writ granted and cause remanded with directions.

existing calendar is preferable to voluminous notifications of a caseload on the date the appointee becomes a judge. This holding does not address substitution requests in cases involving judicial rotation.

[5] Individuals have requested that their appointments be withdrawn before assuming office. Illness, death, or other circumstances may intervene to prevent an appointee from assuming office. In these instances, a premature request would forfeit a defendant's right to one substitution request.