THE STATE, EX REL. KLING ET AL., *v.* NIELSEN, SUPT., ET AL.

(No. 2374—Decided March 1, 1957.)

*Messrs. Sharts, Singer & Brown,* for relators.
*Mr. Maurice J. Gilbert,* city attorney, and *Mr. Joseph P. Duffy,* for respondents.

WISEMAN, J.  This is an action in mandamus invoking the original jurisdiction of this court.

Relators, for their first cause of action in their amended petition, allege that they are the owners or have an equitable interest in lots Nos. 43410, 43411, 43412, 43413 and 43414 of the consecutive numbers of lots on the revised plat of the city of Dayton, Ohio; that said lots are located on state highway route No. 49, at the intersection of Salem Avenue and Elsmere Avenue; that said lots are in residence "B" zone, as prescribed by the zoning ordinance enacted by the Commission of the City of Dayton on April 30, 1930; that, under the zoning ordinance, relators are not permitted to erect on the lots a building devoted to business purposes; and that the lots are not suitable for residence purposes, and are suitable for business use only.

Relators further allege that, on March 26, 1956, they applied to respondents for a building permit to construct a three-storeroom, one-story commercial structure; and that respondents refused to issue such permit, solely for the reason that said lots are zoned as residense "B" under the zoning ordinance of the city of Dayton.

Relators further allege that respondents, in refusing to issue the permit, violated the provisions of the United States and Ohio Constitutions; that the limitations and restrictions on said property under the zoning ordinance are in excess of the police power of the city of Dayton; and that the restrictions are arbitrary, unreasonable, burdensome and confiscatory in their operation and effect.

Relators allege irreparable damage, and that they have no adequate remedy at law.

In their second cause of action, relators incorporate all the allegations in their first cause of action and allege that the city of Dayton, since 1913, has operated under a charter which does not provide specific procedure for enacting zoning ordinances; and that zoning ordinance No. 14252, which is in question, is void in that it was not enacted in compliance with the requirements of Sections 713.10 and 713.12, Revised Code (formerly Section 4366-11, General Code), with respect to publication of notice and public hearing on the proposed ordinance.

Relators pray that the ordinance be declared void, or in the alternative that the ordinance be declared unconstitutional and ineffective so far as it prohibits the construction of a building to be used for business purposes as applied for; and that a writ of mandamus be issued against respondents requiring them to issue the permit for the erection of the building proposed in the application.

The pertinent part of the answer of the respondents is to the effect that the lots involved "are located in a residence 'B' district, and that therefore the building permit sought could not be and was not issued," which is followed by a general denial.

Was ordinance No. 14252 legally enacted? As alleged in the petition, the evidence shows that the city of Dayton, since 1913, has been operating under a charter. However, the charter does not specifically set forth the procedure to be followed in enacting zoning ordinances. In the absence of specific procedure outlined in the charter, the city of Dayton, in enacting zoning ordinances, is controlled by the statutory requirements. *Morris* v. *Roseman,* 162 Ohio St., 447, 123 N. E. (2d), 419. In *State, ex rel. Gulf Refining Co.,* v. *DeFrance,* 89 Ohio App., 1,

100 N. E. (2d), 689, the fourth paragraph of the syllabus is as follows:

"In the absence of an enumerated power in its charter to enact zoning regulations such regulations may be adopted by the council of a charter city pursuant to general law."

In 1930, when ordinance No. 14252 was enacted, Section 4366-11, General Code, was in effect, and in part provided:

"Before any ordinance, measure or regulation authorized by this and the three foregoing sections may be passed, the council or other legislative body shall hold a public hearing thereon, and shall give thirty days' notice of the time and place thereof in a newspaper of general circulation in the municipality; and during said thirty days the text or copy of the text of such ordinance, measure or regulation, together with the maps or plans or copies thereof forming part of or referred to in said ordinance, measure or regulation and the maps, plans, and reports submitted by the planning commission, board or officer shall be on file, for public examination, in the office of the clerk of the council or other legislative body or in such other office as may be designated by the council or other legislative body. No such ordinance, measure or regulation which violates, differs from or departs from the plan or report submitted by the planning commission, board or officer shall take effect unless passed or approved by not less than three-fourths of the full membership of the council or other legislative body."

The portion of Section 4366-11, General Code, above quoted is now found in Section 713.12, Revised Code. In substance, the statute provided that before the enactment of any zoning ordinance the commission was required to hold a public hearing and give thirty days' notice of the time and place thereof in a newspaper of general circulation in the municipality, and during the interval of thirty days the text of such ordinance, together with maps or plans of zoning, was required to be on file for public examination in the office of the clerk of the commission.

The evidence in this case shows that prior to the enactment of ordinance No. 14252 on April 30, 1930, ordinance No. 14212 was presented to the city commission, that public hearings were held thereon, beginning on April 2, 1930, which hear-

ings continued over a period of several weeks; and that a notice of the hearing was published once in a newspaper of general circulation, on March 29, 1930. In the publication it was stated that the hearing will take place on April 2, 1930, on ordinance No. 14212. The notice stated also that maps showing the proposed zoning were on file in the office of the clerk of the commission. The evidence shows that after a number of public hearings were held on ordinance No. 14212, on April 30, 1930, the ordinance was "voted down" and "it was killed," all of which appears in the testimony of the clerk of the city commission.

The evidence shows that after proposed ordinance No. 14212 was "voted down" on April 30, 1930, the city commission, on the same date, enacted ordinance No. 14252 as an emergency measure, and, as such, said ordinance went into effect immediately. The plan for zoning which was submitted under proposed ordinance No. 14212 and which was "voted down" was modified in two particulars and submitted with such two modifications as the zoning plan under ordinance No. 14252. It will be observed that no notice of a hearing on ordinance No. 14252 was published, and no public hearing of any kind was held by the city commission.

The relators contend that ordinance No. 14252, which is the ordinance in question, was illegally enacted and therefore void. The respondents contend that there was substantial compliance with the requirements of Section 4366-11, General Code, and that, therefore, said ordinance is valid.

The publication of notice of a public hearing and the hearing held under proposed ordinance No. 14212 can not be said to be a substantial compliance with the statutory requirement that a notice of a public hearing be published and a hearing be held before ordinance No. 14252 is enacted. We hold that there has been no compliance with the legal requirements of Section 4366-11, General Code, with respect to the publication of notice and public hearing before enactment of ordinance No. 14252.

*Quaere*, whether a publication on March 29, 1930, of a notice of a public hearing on April 2, 1930, was a compliance with the thirty-day provision as to notice as provided in Section 4366-11, General Code? We are not required to decide that question.

There is case law in Ohio on the question presented which supports the contention of the relators. In *State, ex rel. Fairmount Center Co.,* v. *Arnold, Dir.,* 138 Ohio St., 259, 34 N. E. (2d), 777, 136 A. L. R., 840, the second paragraph of the syllabus is as follows:

"A municipal council, acting under Sections 4366-7 to 4366-11, General Code, may not amend or change the number, shape, area or regulations of, or within, any zoning district without following the procedure provided in Section 4366-11, General Code."

In the case just cited, the city council sought to amend the zoning ordinance already in effect by enacting an emergency zoning ordinance, whereas in the case at bar the area sought to be zoned had recently been annexed to the city of Dayton and for the first time a zoning ordinance was presented covering the annexed area. However, the principle involved in the *Fairmount Center case* is applicable to the case at bar. On page 264, Judge Turner, writing the opinion for the Supreme Court, said:

"In the instant case, the procedure being under Sections 4366-7 to 4366-11, General Code, compliance with such statutes was necessary."

Again, on page 265, Judge Turner said:

"The matter thus resolves itself to the question whether, by the so-called stop-gap ordinance, council may dispense with the requisite steps provided by Section 4366-11, General Code, and thus put into effect the anticipated legislation not only earlier than otherwise permitted but contrary to the plain mandate of the statute that no such change or amendment shall be made without first submitting the proposed change or amendment to the planning commission for report and giving notice by publication of and holding a public hearing on whether the change or amendment should be made."

In *State, ex rel. Del Monte,* v. *Woodmansee,* 47 Ohio Law Abs., 513, 72 N. E. (2d), 789, the fourth paragraph of the headnotes is as follows:

"The failure of a municipal council, in enacting emergency legislation under Sections 4366-7 to 4366-11, General Code, to

publish notice as required therein renders such legislation of no force or effect.''

In *State, ex rel. Gulf Refining Co.,* v. *DeFrance, supra,* the fifth paragraph of the syllabus is as follows:

''A so-called spot-zoning ordinance adopted pursuant to the power conferred by Sections 4366-7 to 4366-11, General Code, without complying with the provisions of the statute, is invalid.''

In the last-cited case, the facts were similar to the facts in the case at bar in that an ordinance regulating the location of trades and industries in newly annexed territory to the city of Toledo was enacted as an emergency measure, without complying with the provisions of Section 4366-11, General Code, with respect to the publication of notice and public hearing. The court, in a very well considered opinion, held that a peremptory writ of mandamus would be issued. The question raised in this case was discussed thoroughly by the court in the cited case, and on page 9 the court said:

''In the absence of specific power to zone in the charter, it is apparent that the city council was proceeding under the statute rather than under an unenumerated power derived from the Constitution. Such procedure brings the enactment of ordinance No. 33-50 squarely within the facts as well as the law of the *Fairmount Center Co. case.* We therefore hold that ordinance No. 33-50 is invalid and that relator is entitled to a peremptory writ of mandamus.''

The respondents urge that the record shows a substantial compliance with the requirements of Section 4366-11, General Code. The vice in the position of respondents is this: A zoning plan may be proposed, an ordinance introduced, notice of a public hearing published and a public hearing held at which objections are interposed, which results in the rejection of the ordinance. The objectors and others interested leave the city commission, believing that the zoning plan and ordinance were rejected. They have a right to believe that they will receive notice and be accorded a public hearing if and when a new zoning plan is submitted and another ordinance is introduced. But the following day they learn that a like ordinance and the same zoning plan, with slight modifications, is passed as an

emergency measure, without notice and without a public hearing. This is precisely what happened in the instant case. This procedure does not conform to the requirements of the statute or of due process.

Having found ordinance No. 14252 void and of no effect, we are not required to decide, and therefore do not discuss, the question whether the ordinance in its operation is arbitrary, unreasonable and confiscatory, and in violation of the police power of the city.

In conclusion, this court holds that ordinance No. 14252 was illegally enacted in that the city commission failed to comply with the requirements of Section 4366-11, General Code, with respect to publication of notice and public hearing; and that, therefore, the ordinance is illegal and void. It is apparent from the pleadings, and also from the evidence, that the application for a permit, filed by the relators, was refused on the sole ground that the premises in question were located in residence "B" district. This being the sole ground for the refusal of the permit, and the ordinance establishing residence "B" district being void, it follows that the relators are entitled to a peremptory writ of mandamus. The relators will be required to comply with all other building requirements.

*Writ allowed.*

HORNBECK, P. J., and CRAWFORD, J., concur.