FRANCES GRICUS & others *vs.* SUPERINTENDENT AND INSPECTOR OF BUILDINGS OF CAMBRIDGE & others.

Middlesex.   March 5, 1963. — April 2, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Zoning,* Spot zoning, Amendment of by-law or ordinance.   *Mandamus.*

An amendment of a city's zoning ordinance changing from residential to business the zoning of a small parcel of land in an essentially residential area was invalid as spot zoning notwithstanding that adjacent to or near such parcel there were two parcels previously rezoned from residential to industrial and other parcels actually used for business or industrial purposes.   [690]

Where more than five years elapsed between a public hearing by a city council on a proposed zoning amendment pursuant to G. L. c. 40A, § 6, and the adoption of the amendment by the council in 1960, and the membership of the council so changed in the interval that a majority of the members at the time of the adoption had not participated in the hearing, the interval was unreasonable and invalidated the amendment. [690–691]

Landowners in a city in the neighborhood of a parcel of land rezoned by an invalid amendment of the city's zoning ordinance adopted by the city council were entitled to maintain a mandamus proceeding to compel the proper officer of the city to enforce the zoning ordinance as it existed before the amendment and to compel the city clerk to make appropriate changes in the city records; the city and the council were not necessary parties to the proceeding. [691]

PETITION for a writ of mandamus filed in the Superior Court on November 16, 1960.

The respondents appealed from an order for judgment entered after hearing by *Vallely*, J., on a statement of agreed facts.

*Samuel M. Flaksman* for the respondents.

*Levin H. Campbell* for the petitioners.

SPALDING, J. This petition for a writ of mandamus is brought by six residents of the city of Cambridge to compel compliance with the zoning laws. The petition alleges that an ordinance adopted by the Cambridge city council on April 11, 1960, constituted spot zoning; it also alleges that the ordinance was not enacted in accordance with law. The respondents are the superintendent and inspector of buildings, the city manager, and temporary clerk of the city. The prayers are that writs of mandamus issue to compel the building inspector and city manager to observe and enforce the zoning law as it existed prior to the adoption of the challenged ordinance, and that the temporary clerk be ordered to enter on the appropriate records of the city the action of the court on this petition. The case was submitted on a statement of agreed facts.

On April 11, 1960, the Cambridge city council enacted an ordinance rezoning a parcel of land at 401–417 Franklin Street from "Residence C–1" to "Business–B." This parcel, which comprises 13,000 square feet, is owned by Alwin A. Klauer who acquired it in 1943 or 1944. When Klauer

purchased the property it was in a "Residence C–1" district and it remained in this district down to the time of the enactment of the above-mentioned ordinance. The property at that time contained four houses which were occupied by six families. Thereafter, these houses deteriorated to such an extent that they had to be demolished. The "Residence C–1" district adjoins a "Residence C–2" district and the two districts together comprise twenty-five city blocks. Under the Cambridge zoning ordinance a "Residence C–1" district is designated as a multi-family residence district. No business uses (with limited exceptions not here material) are allowed in such districts. Garages, parking lots, and trucking terminals are not allowed. "Business–B" districts are designated for "general and wholesale business" and may include a wide variety of business uses, including automobile parking lots, filling stations, storage warehouses, and similar uses. Adjacent to the rezoned locus is a 5,000 square foot parcel owned by Klauer on whose petition it was rezoned by the council in 1948 from "Residence C–2" to "Industry–B," a heavy industry district. About 150 feet to the east of the lot just described, and on the opposite side of Franklin Street, is a parcel comprising 4,933 square feet which was rezoned in 1955 from "Residence C–2" to "Industry–A." There are scattered individual properties near the locus being used (but not zoned) for business or industrial purposes. Many of these are nonconforming uses which antedated the zoning ordinance.

The petition for the rezoning of the locus was referred to the Cambridge planning board as required by law and the board recommended that it be denied. Following the report of the planning board a public hearing was held by the city council. In April, 1960, more than five years after the public hearing, the ordinance to rezone the locus was adopted. Klauer proposes to rent the locus for "use as part of a terminal and parking lot for up to 40 trucks." The present petitioners own and reside in houses in the vicinity of the locus.

The judge ruled (1) that the challenged ordinance was spot zoning and was illegal and void; (2) that the ordinance, because of the lapse of time between the public hearing and its enactment, was not adopted in accordance with law; and (3) that mandamus was the appropriate remedy. He ordered that the petition against the respondent Curry, the city manager, be dismissed; that a writ of mandamus issue against the building inspector commanding him to enforce the zoning ordinance as it existed prior to the adoption of the challenged ordinance; and that a writ of mandamus issue against the temporary clerk commanding him to correct the zoning map of the city so that it will conform with the court's action. The respondents appealed.

1. We are of opinion that the judge was right in ruling that the ordinance was invalid as spot zoning and violated the requirement of uniform classification. From an examination of the maps which were incorporated by reference in the agreed facts we are convinced that the area in which the locus is situated is essentially residential. Paraphrasing what was said in *Caputo* v. *Board of Appeals of Somerville,* 331 Mass. 547, 549, we think that the "change in zoning which the . . . [city council] purported to make in . . . [April, 1960] appears to have been a singling out of one small tract for different treatment from that accorded to similar surrounding land not shown to have been distinguishable from it in character, for no good reason unless it be to gratify . . . [the owner of] that tract." See *Shapiro* v. *Cambridge,* 340 Mass. 652, where the cases on spot zoning are collected at page 659. The fact that at other times other small tracts have been singled out for rezoning does not aid the respondents. These changes may stand no better than the one in question.

2. We are also of opinion, as the judge ruled, that the ordinance was invalid because of the length of time that intervened between the public hearing and the adoption of the ordinance. Amendments to zoning ordinances are authorized by G. L. c. 40A, § 6, but no amending ordinance "shall be adopted until after the city council . . . has held

a public hearing thereon, at which all interested persons shall be given an opportunity to be heard.''[1]  A purpose of this provision, as the petitioners in their brief suggest, is to ''ensure that the current views of local residents will be taken into account by the council when it considers a proposed ordinance.''  That purpose would be thwarted if an unreasonable time intervenes between the hearing and the adoption of the ordinance.  We have no hesitation in saying that the lapse of time here (more than five years) between the public hearing and the adoption of the ordinance was unreasonable.  During that period three city councils had been elected and only four of the nine members of the council at the time of the hearing were members at the time the ordinance was adopted.  In other words, the ordinance was adopted by a council composed of five members who had not participated in the public hearing, and of four who had participated in it more than five years before.  The mere recital of these facts supplies it own answer.  The public hearing required by c. 40A, § 6, was intended to be something more than a meaningless ceremony.  The case at bar is distinguishable from *Morgan* v. *Banas,* 331 Mass. 694, where it was held that some changes in the membership of the city council after the hearing together with an interval of two months between the hearing and the adoption of the ordinance were not fatal to its validity.

3.  The judge correctly ruled that mandamus was the proper remedy.  *Sunderland* v. *Building Inspector of No. Andover,* 328 Mass. 638.  The respondents' contention that the city of Cambridge or its city council should have been made a party to the proceeding is without merit.  This argument seems to be based on § 8 of G. L. c. 231A.  But the petitioners here are not seeking declaratory relief; hence the provisions of § 8 are not applicable.

*Order for judgment affirmed.*

---

[1] See now St. 1961, c. 151, which amends § 6 by adding the following: ''If a city council fails to take final action thereon within ninety days after its hearing, it shall not act thereon until after it holds a subsequent hearing advertised as above provided.''