STATE EX REL. NAGAWICKA ISLAND CORPORATION,
Petitioner-Respondent,

v.

CITY OF DELAFIELD, Respondent-Appellant.

Court of Appeals

*No. 83–755. Submitted on briefs November 2, 1983.—*
*Decided December 7, 1983.*
(Also reported in 343 N.W.2d 816.)

For the respondent-appellant, the cause was submitted on the briefs of *William Chapman,* of Oconomowoc.

For the petitioner-respondent, the cause was submitted on the brief of *James P. Burns,* of Greendale.

Before Scott, C.J., Brown, P.J., and Robert W. Hansen, Reserve Judge.

BROWN, P.J.   The Nagawicka Island Corporation wants to put a private home on an island it owns in Lake Nagawicka.  The island is approximately two acres and is zoned A–1 Agricultural by the City of Delafield.  The A–1 zoning ordinance requires a minimum lot area of three acres before any building can take place.  The trial court found the A–1 zoning classification effectively prevented any construction on the island property and

was an unconstitutional exercise of Delafield's police power. We agree that the zoning classification unconstitutionally deprived the owners of their property without due process of law. Therefore, we affirm the finding that the A–1 zoning classification is invalid. Further, we hold that while the trial court erred in attempting to rezone the island property, there is no zoning impediment to the building of improvements on the island.

The disputed property, a two-acre island in Lake Nagawicka, has been zoned A–1 Agricultural[1] since Delafield was incorporated in 1964. Single family homes are among the permitted uses of an A–1 zone, but the minimum lot area for any A–1 use is three acres.

The respondent purchased the property from St. John's Military Academy in 1980. It applied to the Zoning Board of Appeals for a variance with respect to the minimum lot requirement and the public street abutment requirement. The variance request was denied. That decision was affirmed both by the circuit court and the Court of Appeals.[2]

The respondent next petitioned the common council to rezone the property from A→1 Agricultural to RL–1 Residential Lake. The common council denied the rezoning request. A petition for writ of certiorari followed.

[1] Delafield Zoning Ordinance Section 4.5.2 A–1 Agricultural District reads in pertinent part as follows:

Intent—The A–1 Agricultural District is intended to maintain and preserve existing large-scale farming operations and provide for small farm units located in areas which are predominantly agricultural in character.

Permitted Uses—

(A) One-family dwellings.

. . .

Minimum Lot Area—3 acres

. . . .

[2] *State ex rel. Nagawicka Island Corp. v. Zoning Board of Appeals,* No. 81–1547 (Ct. App. July 27, 1982) [hereinafter *Nagawicka I*].

The trial court found the A–1 zoning classification illegal, arbitrary and unconstitutional and rezoned the property RL–1. The City of Delafield appeals.

As this case was before us on a previous occasion, it is important to carefully analyze our review powers. In *Nagawicka I*, the appeal was from a judgment affirming the refusal of a zoning variance. The Zoning Board of Appeals decides whether to grant or deny a variance. Because the Zoning Board is an administrative body, our scope of review is very limited. Unless the Board's action is arbitrary, oppressive or unreasonable, the action will be affirmed. *Snyder v. Waukesha County Zoning Board of Adjustment,* 74 Wis. 2d 468, 475–76, 247 N.W.2d 98, 103 (1976). As a reasonable view of the evidence supported the Board's decision, we upheld the variance denial.

On this appeal, the zoning ordinance itself is being challenged. A zoning ordinance is a legislative act. *Kmiec v. Town of Spider Lake,* 60 Wis. 2d 640, 646, 211 N.W.2d 471, 473 (1973). This court has the power to review a zoning ordinance and grant relief when it is unconstitutional, unreasonable or discriminatory. *Buhler v. Racine County,* 33 Wis. 2d 137, 146, 146 N.W.2d 403, 407 (1966). This includes the review of a zoning classification to determine whether the classification is fair and reasonable or arbitrary when applied to a particular piece of property.

The City of Delafield strongly asserts the A–1 zoning of the island property is well within the police powers of the municipality. Delafield claims the A–1 zoning promotes the health, safety and general welfare of the community by preventing the building of a home which would emit sewerage pollution into the lake. Inaccessability to to emergency services such as police, ambulance

and fire protection is also offered as rationale for its position. We find these arguments insufficient support for the island's agricultural zoning classification.

The zoning of property is a legitimate municipal device to control land use and obtain orderly community development. However, when zoning classifications restrict the enjoyment of property to such an extent that it cannot be used for any reasonable purpose, a taking without due process occurs. Yokley, *Zoning Law and Practice,* § 3–11 (4th ed. 1978). The valid exercise of a municipality's police power extends only to *reasonable* restrictions on the use of property. When the power to regulate by zoning is exercised in such a manner and to such an extent that the property owners are deprived of all practical value and are left with only the burden of paying taxes on it, the useful value of that property has been "taken" from its owners without due process of law. It is clear this is what has happened to the Nagawicka Island owners.

The distinction between reasonable restrictions placed on property and a "taking" without compensation is a matter of degree of damage to the property owner.

Whether a taking has occurred depends upon whether "the restriction practically or substantially renders the land useless for all reasonable purposes." The loss caused the individual must be weighed to determine if it is more than he should bear. . . . "[I]f the damage is so great to the individual that he ought not to bear it under contemporary standards, then courts are inclined to treat it as a 'taking' of the property or an unreasonable exercise of the police power."

*Just v. Marinette County,* 56 Wis. 2d 7, 15–16, 201 N.W. 2d 761, 767 (1972). (Citations omitted.)

Delafield asserts the ordinance's restrictions serve the public health, safety, morals and welfare and justify this

complete confiscation of the respondent's land use. It cites the inaccessability of police, fire and ambulance services to the island as one example. The inaccessability of these services to the island does not affect the *public's* health or safety. The only persons affected by the island's isolation are its residents. Obviously, it is one of the risks of living on the island that emergency services will not be easily attainable. That is the risk of the property owner and will not validate the City's zoning action.

Potential pollution problems is the second reason Delafield asserts this zoning restriction is necessary. The City is trying to kill a fly with a mallet. There are many ways to reasonably restrict or limit the sewerage emission on land. To assert the only reasonable way to prevent this problem is to "preserve the island in its natural state" is absurd. The degree of damage to the respondent far exceeds the alleviation of potential public harm.

■
Delafield's zoning ordinance has deprived the respondent of the entire use value of its property and is, therefore, unconstitutional. It is not within the City's police power to force the island to stay in its natural state without going through condemnation procedures. If Delafield intends and desires to preserve the Nagawicka Islands in their natural, unspoiled condition, there are other ways to accomplish its purpose. Eminent domain is one option. Purchase is another option. What Delafield cannot do is attempt to get something for nothing by so restricting a person's land that he or she is absolutely prohibited from using it for any other purpose than as a "private park."

■
The trial court did commit error when it attempted to rezone the property RL-1. Zoning remains a legislative function. Judicial interference is permissible only in matters involving abuse of discretion, excessive use of

power or error of law. *Buhler,* 33 Wis. 2d at 146, 146 N.W.2d at 408. Furthermore, it was not necessary that the trial court rezone the property in order to protect the respondent's rights in its land. Because the current zoning ordinance has been declared unconstitutional as it applies to the respondent's island, the land is without zoning restriction. Since the land is now without a zoning classification, there are no longer any zoning impediments to building on this land. That is not to say that the City may not impose building code restrictions on the improvements, so long as those restrictions are reasonable.

Finally, Delafield asserts the entire rezoning issue was moot, and the trial court erred in addressing it. It argues that since the island does not have street access, no building could ever take place on the island without a variance. The fact that the respondent may have to leap future hurdles before it may build on the island does not make the present constitutionality issue moot.

*By the Court.*—Judgment affirmed.