Henry A. HERDEMAN and Patricia H. Herdeman, Plaintiffs-Appellants,

v.

CITY OF MUSKEGO, Defendant-Respondent.

Court of Appeals

*No. 83–165. Submitted on briefs October 28, 1983.—
Decided December 7, 1983.*
(Also reported in 343 N.W.2d 814.)

For the plaintiffs-appellants, the cause was submitted on the briefs of *Jack D. Moertl* of *Moertl & Wilkins, S.C.,* of Milwaukee.

For the defendant-respondent, the cause was submitted on the brief of *Dale W. Arenz* of *Hippenmeyer, Reilly, Arenz, Molter, Bode & Gross, S.C.,* of Waukesha.

Before Scott, C.J., Brown, P.J., and Robert W. Hansen, Reserve Judge.

BROWN, P.J.    The Herdemans appeal the enactment of Muskego Amended Ordinance #357 rezoning certain farmland to allow residential development. They claim that because the ordinance was amended after a public hearing, but before passage, the common council was dutybound to send the proposed ordinance back to the planning commission and publish notice for another public hearing. Because that was not done, error is claimed. They also assert that certain biased city officials manipulated the proceedings to ease the ordinance's passage. Because the amendment was not "substantial," we hold additional procedural steps were not required. We further find no evidentiary basis for the allegations of bias. Therefore, we affirm.

A developer petitioned the City of Muskego for a zoning change on his property. The change would allow the property, formerly farmland, to be developed into residential lots. After the planning commission recommended approval of the rezoning request, a public hearing was held, and the ordinance was drafted. It was defeated by the common council. The council's action was vetoed by

the mayor, however, based on grounds that the council used an incorrect procedure. The proposed ordinance was sent back to the planning commission, which again recommended rezoning.

The common council, meanwhile, received a protest petition against the proposed rezoning. The effect of this petition, with signatures representing more than twenty percent of the land directly opposite to the proposed development, was to require a three-fourths favorable vote by the council before rezoning the land.

As a result of the protest petition, an amended zoning plan was filed by the developer creating a 180-foot "buffer zone" between the proposed development and the protesters' lands. The city attorney advised the council that this "buffer zone" rendered the protest petition ineffective and legally negated the three-fourths vote requirement. Without posting another publication or holding an additional hearing on the amended ordinance, the council approved it by a four to three vote.

The Herdemans do not contest the validity of the creation of the "buffer zone";[1] rather, they assert that once the "buffer zone" was created, sec. 62.23 (7) (d) 1.b., Stats., mandated republication and an additional hearing. By not following these procedural requirements, the Herdemans assert the council's approval of the amended ordinance is invalid.

Section 62.23 (7) (d) 1.b., Stats., requires publication of a notice and hearing before the council may make changes in tentative recommendations. The Herdemans

---

[1] Although the trial court parenthetically relied on *Rodgers v. Village of Menomonee Falls*, 55 Wis. 2d 563, 201 N.W.2d 29 (1972), to say that the appellants also lacked standing to pursue this issue, the respondent concedes that standing is not debatable here. We agree. *Rodgers* is inapplicable, and standing is not at issue here.

claim the provision requires this procedure for *every* change, be it one of substance or form. Our answer is that this is not necessarily so and not so in this case, for the proposed amendment must sufficiently change the original ordinance to require repetition of the procedural process.

Several treatises dealing with this issue have concluded that an amendment made to an original proposal must be substantial to require reactivation of the procedural process.[2] If the initial notice is broad enough to encompass the proposed changes, an additional public hearing ordinarily will not be required. McQuillin, *Municipal Corporations* § 25.251 (3d ed. 1976). To require a new notice and public hearing for each proposed change, no matter how small, would heavily burden the legislative process. Rathkopf, *The Law of Zoning & Planning* § 10.05 (4th ed. 1975). Anderson, in his treatise, *American Law of Zoning 2d* § 4.15 at 211 (2d ed. 1976), states:

> One of the purposes of a public hearing is to inform the members of the municipal legislative body. Where changes are made due to testimony adduced at such a hearing, it usually will not be necessary to hold a second hearing on the revised proposal. Whether a second hearing is necessary will depend upon the nature and extent of the posthearing revision. Thus, where a proposed amendment to permit the construction of apartments was altered to require a 50-foot buffer, the change was not so material as to require a new notice and hearing. [Footnote omitted.]

We are persuaded by the logic of these treatises and adopt the "substantial change" requirement.

The Muskego Planning Commission had already made its recommendation approving the rezoning of the land in

---

[2] *See* Anderson, *American Law of Zoning 2d* § 4.15 (2d ed. 1976); Rathkopf, *The Law of Zoning and Planning* § 10.05 (4th ed. 1975); McQuillin, *Municipal Corporations* § 25.251 (3d ed. 1976).

question. Notice had been sent. The amendment simply decreased the amount of land that was going to be rezoned. The reduction in the size of the area to be rezoned in this case is not a substantial change in the proposed ordinance as originally advertised because the fundamental character of the proposal remained unchanged; no new rights were created.

It is also important to note that the amendment did not affect different landowners nor did it affect the same landowners in a different way. An additional public hearing could only have resulted in repetitive statements by the same parties. Nothing would have been accomplished by requiring another notice and public hearing, except delay.

The Herdemans also allege bias and manipulation on the part of certain city officials and, in particular, the planning commissioner (now alderman) Salentine. Salentine, who rents land adjacent to the proposed land development from his mother, participated in the approval of the amended rezoning ordinance. The trial court, in reviewing the evidence, specifically found that there was no devious underlying motive on Salentine's part to have the area rezoned. Further, it found that Salentine had validly exercised his duties as a commission member in good faith.

A trial court's findings of fact will not be upset on appeal unless they are clearly erroneous. *Noll v. Dimiceli's, Inc.*, 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983) ; Section 805.17(2), Stats. The Herdemans presented no evidence other than the leasing of adjacent land to contradict the finding that Salentine "acted more for the good of the community than for himself." Therefore, we affirm the trial court.

*By the Court.*—Judgment affirmed.