Rosemary K. OLIVEIRA and Shawnette J. Smart, Plaintiffs-Appellants,

Robert E. KLAVETTER, Plaintiff,

v.

CITY OF MILWAUKEE and American Stores Properties, Inc., Defendants-Respondents-Petitioners.

Supreme Court

*No. 98–2474. Oral argument January 9, 2001.—Decided April 3, 2001.*

2001 WI 27

(Also reported in 624 N.W.2d 117.)

2

4

For the defendant-respondent-petitioner, City of Milwaukee, there were briefs and oral argument by *Thomas O. Gartner*, assistant city attorney, with whom on the briefs was *Grant F. Langley*, city attorney.

For the defendant-respondent-petitioner, American Stores Properties, Inc., there were briefs by *Ralph A. Weber, Colleen D. Ball, Marcia MacKenzie*, and *Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.*, Milwaukee, and oral argument by *Ralph A. Weber*.

For the plaintiffs-appellants there was a brief by *Joseph R. Cincotta* and *Schweitzer & Cincotta, LLP*, Milwaukee, and oral argument by *Joseph R. Cincotta*.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of a published decision of the court of appeals, *Oliveira v. City of Milwaukee*, 2000 WI App 49, 233 Wis. 2d 532, 608 N.W.2d 419, reversing the judgment of dismissal of the Circuit Court for Milwaukee County, Louis J. Ceci, Reserve Judge. We reverse the decision of the court of appeals and affirm the judgment of dismissal of the circuit court.

¶ 2. The circuit court dismissed the complaint of Rosemary K. Oliveira and Shawnette J. Smart, the plaintiffs, who sought declaratory and injunctive relief against the City of Milwaukee and American Stores Properties, Inc. (together referred to as the City). The plaintiffs challenged the rezoning of a parcel of land that would allow the defendant, American Stores

Properties, Inc., to build a Jewell/Osco store on the parcel. The court of appeals reversed the judgment of dismissal of the circuit court.

¶ 3. At issue is the Milwaukee Common Council's enactment of two zoning amendments that had been referred initially to the common council's zoning committee for a hearing. That hearing was properly noticed under Wis. Stat. § 62.23(7)(d)2. (1997–98).[1] Because the zoning committee did not act on the proposed zoning amendments, the common council president introduced duplicate zoning amendments and referred them to a different committee. The question of law before the court is whether notices of a hearing on proposed zoning amendments before the zoning committee were sufficient under Wis. Stat. § 62.23(7)(d)2. and due process guarantees to enable the common council to enact duplicate zoning amendments that had been referred to a different committee without additional notices.[2]

¶ 4. We conclude that the Milwaukee Common Council did not violate Wis. Stat. § 62.23(7)(d)2. or constitutional guarantees when it failed to give additional § 62.23(7)(d)2. notices relating to the duplicate zoning amendments that were referred to a different committee and enacted by the common council. Wisconsin Stat. § 62.23(7)(d)2. and constitutional due process guarantees were satisfied in the present case by publishing notices for a committee hearing on the original proposed zoning amendments. Accordingly we reverse

_____

[1] All subsequent references to the Wisconsin Statutes are to the 1997–98 version unless otherwise indicated.

[2] This court decides this question of law independently of the circuit court or court of appeals, although we benefit from their analyses.

the decision of the court of appeals. The judgment of the circuit court dismissing the complaint is affirmed.

## I

¶ 5. The relevant facts in this case are not in dispute. Two zoning amendments were necessary to enable American Stores to build a Jewell/Osco store on the parcel in issue: one amendment to repeal the existing detailed planned development and a second amendment to implement a new detailed planned development in accordance with American Stores' proposal.

¶ 6. The two amendments, in files numbered 970857 and 970859 respectively, were introduced in the Milwaukee Common Council on September 23, 1997. The two amendments were referred to the zoning, neighborhoods, and development committee (zoning committee), the committee to which the common council assigns zoning matters.

¶ 7. On February 3, 1998, the zoning committee held a public hearing on the two proposed zoning amendments after notices were given in accordance with Wis. Stat. § 62.23(7)(d)2. The City of Milwaukee published the notices regarding the proposed zoning amendments in file numbers 970857 and 970859, each stating: "Notice is hereby given that an ordinance (passage of which is now pending) was introduced at the September 23, 1997 meeting of the Milwaukee Common Council, the essence of which is as follows." The notices then provided detailed information regarding the substance of the proposed amendments. The notices concluded by stating that the hearing would be held before the zoning committee, and by giving the date, time, and location of the hearing. The notices of

the public hearing were published on January 20 and 27, 1998.

¶ 8.   After the public hearing, the zoning committee members voted to "hold to the call of the chair," meaning that the zoning committee would take no action on the files at that meeting. The zoning committee considered the two amendments at a second hearing on February 24, 1998, when the zoning committee again voted to hold the files.

¶ 9.   After the zoning committee held the files at this second hearing, the president of the common council wrote all members of the common council announcing his intent to create duplicate files for the two proposed zoning amendments and to refer the duplicate files to the steering and rules committee. His letter further stated that the steering and rules committee would act on these duplicate files only if the zoning committee failed to vote on the proposed zoning amendments at its next meeting.

¶ 10.   On February 26, 1998, the president of the common council introduced the two duplicate files, numbers 971743 and 971744, and referred the duplicate files to the steering and rules committee. When the zoning committee did not act on the original files on the proposed zoning amendments at its March 17, 1998, meeting, the steering and rules committee held a public hearing on April 1, 1998, and approved the duplicate files.

¶ 11.   The City of Milwaukee did not give the type of notices set forth in Wis. Stat. § 62.23(7)(d)2. for the April 1, 1998, hearing before the steering and rules committee. However, the plaintiffs acknowledge that the City of Milwaukee did mail a notice of the April 1, 1998, hearing before the steering and rules committee

8

to a large number of persons in the vicinity of the property in issue.[3]

¶ 12.    The common council then approved the duplicate files at a public meeting on May 5, 1998, and the mayor subsequently signed the zoning amendments into law.

¶ 13.    The plaintiffs brought suit alleging that the common council failed to comply with the notice provisions of Wis. Stat. § 62.23(7)(d)2. before enacting the proposed zoning amendments contained in the duplicate files. The circuit court dismissed their action, holding that the complainants lacked standing and rejecting the legal challenges on the merits. The court of appeals reversed the judgment of the circuit court, concluding that the common council was required under Wis. Stat. § 62.23(7)(d)2. to give second notices once duplicate zoning amendments were submitted to a different committee.

¶ 14.    After the court of appeals decision, the zoning committee released the original files, numbered 970857 and 970859, for which the properly noticed public hearing had been held on February 3, 1998. The common council enacted the zoning amendments in these original files on April 11, 2000. The plaintiffs do not challenge the legality of this action before this court.

¶ 15.    Arguably, the common council's enactment of the zoning amendments in the original files on April

---

[3] The City of Milwaukee claims that written personal notice of the April 1, 1998, hearing of the steering and rules committee was given to 594 individuals, including the plaintiffs, property owners within 200 feet of the land to be rezoned, all persons who attended the zoning committee hearings, and other individuals who had expressed interest in the matter.

11, 2000, renders moot the plaintiffs' challenge in the present case to the enactment of the zoning amendments in the duplicate files.[4] The parties have, however, asked this court to address the plaintiffs' challenge under Wis. Stat. § 62.23(7)(d)2. They contend, and we agree, that a decision by this court regarding the scope of Wis. Stat. § 62.23(7)(d)2. will provide guidance to municipalities, litigants, and courts. Although a reviewing court will not ordinarily consider questions that have become moot, it will decide a moot question if it is of great importance.[5] In light of the doubts about the mootness of the case and the importance of this issue for guidance to municipalities, litigants, and courts, this court now reviews the decision of the court of appeals without the necessity of determining whether the cause is moot.

## II

¶ 16. Before we proceed to the question of law presented, we discuss the City of Milwaukee's assertion that the complaint should be dismissed because the plaintiffs have failed to comply with the notice of claim provision of Wis. Stat. § 893.80(1)(b). The parties dispute whether Wis. Stat. § 893.80(1)(b) applies to the present cause of action. The court of appeals concluded that § 893.80(1)(b) does not apply to injunction actions authorized by statute, citing *Gillen v. City of Neenah*, 219 Wis. 2d 806, 822, 580 N.W.2d 628 (1998).

---

[4] The record does not disclose whether the case is actually moot. Challenges might be made to the common council's adoption of the original files two years after the notices were given. Therefore the present case might not be moot.

[5] *See, e.g., State v. Seymour*, 24 Wis. 2d 258, 261, 128 N.W.2d 680 (1964).

10

¶ 17. During the hearing before the circuit court, the Milwaukee city attorney raised the notice of claim issue but asked the circuit court to decide the case anyway. The city attorney argued that if the complaint were dismissed, the plaintiffs would merely file the notice of claim and then proceed to litigation. The City stated:

> We would ask the court, however, to make its decision today based on the merits of this case not based on the claim statute. . . .[I]f this action is dismissed based on that argument, it will simply delay things for as long as it takes the Council to act, for a hundred twenty days; and then the plaintiffs would be free to refile the same lawsuit. As long as the affected parties are in Court today, it seems appropriate to resolve this matter on its merits.

¶ 18. The City of Milwaukee made a similar argument before this court, stating:

> We did not waive [the notice of claim] issue, but if that had been the sole issue decided by the trial court at the motion to dismiss phase, then it would have simply delayed the process until a notice of claim could be filed, and in fact one had been filed after our motion, and they would have filed a new action and would have initiated the whole process. So at that point, it would have only resulted in delay if the trial court had decided exclusively on the claims statute.

¶ 19. The City of Milwaukee raised the notice of claim statute again in this court. The City never expressly waived the issue of the lack of notice. The Milwaukee city attorney's statements before the circuit court were in effect a request to the circuit court to treat the plaintiffs' action as if it had been dismissed

and refiled in accordance with Wis. Stat. § 893.80(1)(b). At that time the plaintiffs had adequate time to comply with the notice of claim statute and begin the action again.

¶ 20.  If this court were now to state that the plaintiffs have to file a notice of claim and begin the action anew, the plaintiffs may be barred by a statute of limitations. The plaintiffs relied on the City of Milwaukee's request that the circuit court treat the case as if notice had been given before the action was filed. The City of Milwaukee is now estopped from changing its position to the plaintiffs' detriment by arguing in this court that the plaintiffs' failure to comply with the notice of claim provisions of Wis. Stat. § 893.80(1)(b) bars this action. In *Fritsch v. St. Croix Central School District*, 183 Wis. 2d 336, 343–44, 515 N.W.2d 328 (Ct. App. 1994), the school district was estopped from asserting a § 893.80(1)(b) defense when the claimant relied on instructions of the school district and did not file the notice of her claim to her detriment. In this case, as in *Fritsch*, the injustice caused to the plaintiffs if they were not allowed to pursue their claim outweighs the public's interest in a formal claim in the present case.

### III

¶ 21.  We begin our analysis of the validity of the zoning ordinances with the text of Wis. Stat. § 62.23(7). Section 62.23(7)(a) authorizes a city council to regulate and restrict by ordinance the size, location, and use of buildings, structures, and land. It further provides that the subsection "shall be liberally construed in favor of

the city and as minimum requirements adopted for the purposes stated."[6]

¶ 22.   Section  § 62.23(7)(d)2. governs proposed zoning amendments, the fact situation presented in this case, and provides in part as follows:

> The council may adopt amendments to an existing zoning ordinance after first submitting the proposed amendments to the city plan commission, board of public land commissioners or plan committee for recommendation and report and after providing the notices as required in subd. 1. b. of the proposed amendments and hearings thereon. . . . A hearing shall be held on the proposed amendments by, at the council's option, the council, the plan commission, the board of public land commissioners or the plan committee. If the council does not receive recommendations and a report from the plan commission, board of public land commissioners or plan committee within 60 days of submitting the proposed amendments, the council may hold hearings without first receiving the recommendations and report.

---

[6] Wisconsin Stat. § 62.23(7)(a) provides:

(a)   Grant of power. For the purpose of promoting health, safety, morals or the general welfare of the community, the council may regulate and restrict by ordinance, subject to par. (hm), the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, mining, residence or other purposes if there is no discrimination against temporary structures. This subsection and any ordinance, resolution or regulation enacted or adopted under this section, shall be liberally construed in favor of the city and as minimum requirements adopted for the purposes stated. This subsection may not be deemed a limitation of any power granted elsewhere.

¶ 23. According to Wis. Stat. § 62.23(7)(d)2., a common council may adopt amendments to an existing zoning ordinance after first submitting the proposed amendments to the city plan commission for recommendation and report. The plan commission approved the proposal in the present case, and the plan commission's approval is not at issue.

¶ 24. Section 62.23(7)(d)2. further provides that notice shall be given of the proposed amendment and the hearing thereon. The notice required is a "class 2 notice under ch. 985" of the statutes.[7] A class 2 notice requires two insertions of a legal notice to be published in a newspaper likely to give notice in the area or to the person affected.[8]

¶ 25. On January 20 and 27, 1998, the City of Milwaukee published two notices in compliance with Wis. Stat. § 62.23(7)(d)2. regarding the zoning amendments in file numbers 970857 and 970859. According to Wis. Stat. § 62.23(7)(d)2., only one properly noticed public hearing is required before the council may pass a zoning amendment. Section 62.23(7)(d)2. gives the council the option to designate the body that will hold the required hearing. It states that the hearing on proposed zoning amendments shall be held by, at a common council's option, the council, the plan commission, the board of public land commissioners, or the

---

[7] Wisconsin Stat. § 62.23(7)(d)2. refers to the notice required in § 62.23(7)(d)1.b., which in turn refers to notice pursuant to ch. 985 of the Statutes.

[8] *See* Wis. Stat. § 985.01(1) (defining "insertion" as publication once a week for consecutive weeks with the last notice published at least a week before the hearing); § 985.02(1) (requiring publication in a newspaper "likely to give notice in the area or to the person affected"); § 985.07(2) (requiring two insertions for class 2 notice).

plan committee. The zoning committee is not specified in § 62.23(7)(d)2. as an entity to hold hearings. In the present case, the common council determined that it would not hold a hearing before the entire council pursuant to Wis. Stat. § 62.23(7)(d)2. but would hold the hearing before the zoning committee.

¶ 26. The council's procedures in enacting a zoning amendment are governed by Wis. Stat. § 62.11, which sets forth requirements for the council regarding quorums, public meetings, and voting. It also states that "[t]he council shall in all other respects determine the rules of its procedure."[9] The plaintiffs do not dispute the common council's right to assign the hearing to the zoning committee.

¶ 27. The question before this court is whether the proper Wis. Stat. § 62.23(7)(d)2. notices of the initial hearing before the zoning committee were sufficient to authorize the common council to enact, without additional published notices, the duplicate proposed zoning amendments that had been referred to a different committee.

¶ 28. Relying on *Herdeman v. City of Muskego*, 116 Wis. 2d 687, 343 N.W.2d 814 (Ct. App. 1983), the plaintiffs argue that the new file numbers represented a substantial change in the zoning amendments so that the common council was required to hold a second Wis. Stat. § 62.23(7)(d)2. noticed hearing. In *Herdeman* the court of appeals held that a change to a proposed amendment of a zoning ordinance must be substantial before a second notice and hearing are required.[10]

---

[9] Wisconsin Stat. § 62.11(3)(e).

[10] The court of appeals stated in *Herdeman v. City of Muskego*, 116 Wis. 2d 687, 690, 343 N.W.2d 814 (Ct. App. 1983) (quoting Robert M. Anderson, *Anderson's American Law of Zoning 2d* § 4.15 at 211 (2d ed. 1976)), as follows:

¶ 29. The *Herdeman* court determined that a second Wis. Stat. § 62.23(7)(d)2. notice was not required in that case because the amendment did not alter the "fundamental character of the proposal." It further reasoned that "the amendment did not affect different landowners nor did it affect the same landowners in a different way."[11] The court of appeals concluded that a second notice and hearing "could only have resulted in repetitive statements by the same parties. Nothing would have been accomplished by requiring another notice and public hearing, except delay." *Herdeman*, 116 Wis. 2d at 691.

¶ 30. As *Herdeman* makes clear, the notice and hearing requirements of Wis. Stat. § 62.23(7)(d)2. have a dual function. Notices and hearings ensure that citizens have an opportunity to express their views regarding zoning amendments.[12] When a zoning amendment is enacted without the required notice and hearing, the public has been denied its statutory right to appear and voice objections to the proposed amendment, and the amendment is therefore void.[13]

Where changes are made due to testimony adduced at such a hearing, it usually will not be necessary to hold a second hearing on the revised proposal. Whether a second hearing is necessary will depend upon the nature and extent of the posthearing revision.

[11] *Herdeman*, 116 Wis. 2d at 691.

[12] *See* Eugene McQuillin, 8A *Municipal Corporations* § 25.251 at 305 (3d ed. 1994); Arden H. and Daren A. Rathkopf, 1 *Law of Zoning and Planning* § 10.05 at 10–33 (4th ed. 2000); E.C. Yokley, 2 *Zoning Law and Practice* § 9–6 at 49 (4th ed. 1978).

[13] *See Gloudeman v. City of St. Francis*, 143 Wis. 2d 780, 785, 422 N.W.2d 864 (Ct. App. 1988) (when municipality fails to comply with notice provisions of Wis. Stat. § 62.23(7)(d) in enacting zoning ordinance, ordinance is void); Arden H. and

Furthermore, a hearing serves to inform the members of a municipal legislative body regarding the views of the affected community members.[14]

¶ 31.   The rationale for requiring a Wis. Stat. § 62.23(7)(d)2. notice and hearing when there is a substantial change in the substance of the zoning amendment ensures that the public has the opportunity to express views regarding the zoning amendments. The statutory notice and hearing requirements implicate due process concerns because property rights are affected by changes in the zoning laws. "Notice and hearing provisions are invariably intertwined with due process considerations. The legislature, in enacting sec. 62.23(7)(d), has attempted to protect this right to due process by requiring an adequate notice and hearing before a change in municipal zoning could affect the character of a neighborhood."[15]

¶ 32.   We agree with the City that the *Herdeman* decision supports the City's position. No substantive difference exists between the original proposed zoning amendments, for which § 62.23(7)(d)2. notices were given, and the duplicate files containing the proposed zoning amendments that were adopted. The duplicate

Daren A. Rathkopf, 1 *Law of Zoning and Planning* § 10.03 at 10–13 (4th ed. 2000) (notice requirements are "conditions precedent" to valid zoning ordinances); Eugene McQuillin, 8A *Municipal Corporations* § 25.251 at 306 (3d ed. 1994) ("The general rule is that compliance with the requirement of a public hearing by a zoning commission or other designated body is essential to the validity of a zoning ordinance or amendment.").

[14] *Herdeman*, 116 Wis. 2d at 690 (quoting Anderson, *Anderson's American Law of Zoning 2d* § 4.15 at 211).

[15] *Gloudeman*, 143 Wis. 2d at 789–90.

files containing the proposed zoning amendments affected the same people in the same manner as the proposed zoning amendments in the original files. A second § 62.23(7)(d)2. notice for a hearing before the steering and rules committee would provide the same people the opportunity to express the same views regarding the proposed zoning amendments. Accordingly we conclude that § 62.23(7)(d)2. does not require a second notice in the present case.

¶ 33.   The plaintiffs argue, however, that failure to adhere strictly to the common council's committee assignment procedure for adoption of the proposed zoning amendment raises due process issues, as well as the issue of compliance with Wis. Stat. § 62.23(7)(d)2.

¶ 34.   Courts will examine the procedure a council uses to adopt zoning ordinances when the state legislature has set forth mandatory procedural requirements or when a council's alleged procedural omission raises a question of denial of due process of law.[16]

¶ 35.   In the present case the legislature did not mandate which common council committee should consider the proposed zoning amendments. The plaintiffs' due process argument is grounded on the council's failure to give a second set of Wis. Stat. § 62.23(7)(d)2. statutory notices advising the public of the duplicate files of the proposed zoning amendments and the new committee assignment. The plaintiffs apparently believe that because the proposed zoning amendments were held by the zoning committee and the public was not notified of the change of committee assignment by published notice, the public may have been lulled into

---

[16] Kenneth H. Young, 1 *Anderson's American Law of Zoning* §§ 4.01–4.02 at 244–47 (4th ed. 1996).

thinking that the common council would not be taking action on the proposed zoning amendments.

¶ 36. We disagree with the plaintiffs. While a council vote to deny informs the public that a proposed zoning amendment has failed and the process has ended, a committee vote to hold advises the public that the matter is still pending before the council and has to be monitored.[17]

¶ 37. In addition, only a short time had elapsed between the hearing noticed pursuant to Wis. Stat. § 62.23(7)(d) and the common council's adoption of the proposed zoning amendments. In the present case the common council adopted the duplicate proposals on May 5, 1998, approximately four months after the published notices and three months after the public hearing on the original files before the zoning committee. There was no delay that could have lulled the

---

[17] Some courts have held that after a council has rejected a proposed zoning amendment, due process prevents the council from revisiting the matter without beginning anew the notice and hearing process. *See, e.g., Anderson v. Judd*, 404 P.2d 553 (Colo. 1965) (holding that a second notice was necessary before the council could approve a zoning amendment that had already been defeated); *State ex rel. Kling v. Nielsen*, 144 N.E.2d 278 (Ohio Ct. App. 1957) (public hearing on rejected zoning amendment did not satisfy notice and hearing requirements for similar amendment that was subsequently passed as an emergency measure).

*See also* E.C. Yokley, 2 *Zoning Law and Practice* § 9–6 at 53 (4th ed. 1978) ("After a proposed rezoning ordinance has been defeated following a public hearing, a council may not reconsider the vote and enact the ordinance at a subsequent meeting at which no notice was given of the council's action.") (citations omitted).

public into thinking that the proposed zoning amendments were no longer being considered.[18]

¶ 38.  Lastly, no allegation is made by the plaintiffs that the common council tried to or did mislead the public regarding the matters for consideration at the relevant meetings of the steering and rules committee and the common council.

¶ 39.  Thus second Wis. Stat. § 62.23(7)(d)2. statutory notices were not required by due process.[19] We conclude that the common council fulfilled its statutory and constitutional obligation under Wis. Stat. § 62.23(7)(d)2. when it held a properly noticed hearing before the zoning committee on the proposed zoning amendments.

¶ 40.  The plaintiffs' final argument is a challenge to the authority of the steering and rules committee to consider and report on this proposed zoning amend-

---

[18] Courts in other jurisdictions have held that statutory notice does not give a zoning authority indefinite license to pass an amendment. *See, e.g., Gricus v. Superintendent and Inspector of Buildings of Cambridge,* 189 N.E.2d 209 (Mass. 1963) (delay of five years thwarts the purpose of a hearing, which is to allow residents to express current views regarding the zoning change). *See* E.C. Yokley, 2 *Zoning Law and Practice* § 9–6 at 49 (4th ed. 1978) ("The purpose of a public hearing is to insure that the current views of local residents will be taken into account by a council when it considers the enactment of a proposed zoning ordinance.").

[19] The plaintiffs cannot successfully challenge the hearing before the steering and zoning committee as violating notice and hearing requirements of due process. Following the Wis. Stat. § 62.23(7)(d)2. notices, the City of Milwaukee gave written notice to interested persons, including the plaintiffs, of the hearing before the steering and rules committee, and interested persons were given an opportunity to appear.

ment. The plaintiffs are asking this court to invalidate an ordinance when a municipal legislative body has not complied with its self-prescribed formalities in enacting ordinances, just as courts invalidate ordinances that do not comply with constitutional and statutorily mandated procedural or substantive requirements.

¶ 41. This court has frequently expressed its reluctance to determine whether the state legislature has complied with its own procedural formalities in enacting a statute, unless the legislative procedure is mandated by the constitution. This reluctance stems from separation of power and comity concepts for a coordinate branch of government and the need for finality and certainty regarding the status of legislation. The rationale is that the failure to follow a procedural rule amounts to an implied ad hoc repeal of the rule.[20]

¶ 42. Similar considerations make us reluctant to consider a challenge to the procedural formalities of the common council in enacting the zoning ordinances at issue in the present case. The generally accepted rule is that a legislature, even a municipal one, should control its own procedures.[21] This rule is especially applicable to the common council in the present case: The Wisconsin legislature has expressly empowered the council to determine its own rules of procedure,[22]

_____

[20] *State ex rel. La Follette v. Stitt*, 114 Wis. 2d 358, 364–67, 338 N.W.2d 684 (1983) (court refused to determine whether state legislature's failure to refer bills to committees invalidated legislation; examining long line of cases following this general rule).

[21] Young, *Anderson's American Law of Zoning* §§ 4.01–4.02 at 244–47.

[22] Wisconsin Stat. § 62.11(3)(e).

and zoning is, after all, a legislative function.[23] Consequently, in this case we apply the general rule that a legislative body's self-imposed procedures regarding committee assignments are "a question of policy for legislative, not judicial, determination."[24]

¶ 43. For the foregoing reasons, we conclude that the common council did not violate Wis. Stat. § 62.23(7)(d)2. when it failed to give additional Wis. Stat. § 62.23(7)(d)2. notices relating to the duplicate file containing the zoning amendments. Nor did the common council violate any due process guarantees when it failed to give additional Wis. Stat. § 62.23(7)(d)2. notices relating to the duplicate proposed zoning amendments that were referred to a different committee and then adopted by the common council.

¶ 44. Accordingly, we reverse the decision of the court of appeals. The judgment of the circuit court dismissing the complaint is affirmed.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 45. DAVID T. PROSSER, J. *(dissenting)*. The issue in this case is whether Wis. Stat. § 62.23(7)(d)2. requires a class 2 notice of a public hearing for any legislative proposal to amend an existing zoning ordinance before that proposal may be approved. The court of appeals concluded that such a notice is required. The

---

[23] *State ex rel. Nagawicka Island Corp. v. City of Delafield*, 117 Wis. 2d 23, 26, 343 N.W.2d 816 (Ct. App. 1983).

[24] *State v. P. Lorillard Co.*, 181 Wis. 347, 372, 193 N.W. 613 (1923) (court rejected argument that state legislature had to refer a matter to a particular committee).

majority concludes otherwise. Because I agree with the court of appeals, I respectfully dissent.

## FACTS

¶ 46. On September 23, 1997, two "files" were introduced in the Milwaukee Common Council. One file, Number 970857, removed from the existing zoning ordinances two planned developments at a particular site in the 6th aldermanic district and established in their place a general planned development to be known as Humboldt Yards. A second file, Number 970859, changed the new zoning at that site from a general planned development to "a detailed planned development known as Humboldt Yards (Commercial Parcel) Phase 1." Both files were referred to the zoning, neighborhoods and development committee of the common council. The zoning committee, in turn, sent the files to the city plan commission which recommended their approval on January 7, 1998, and then returned them to the zoning committee.

¶ 47. Thereafter, the City published class 2 notices on January 20 and January 27, 1998, advising the public of a hearing on the two files to be held February 3, 1998.

¶ 48. The zoning committee held its hearing and received extensive testimony on the two files. Then, over the objection of committee member Marlene Johnson-Odom, the alderwoman who represented the project site, the committee voted to hold the files to the call of the chair. The zoning committee met again on February 24, 1998, and again it held the files.

¶ 49. Council President John Kalwitz reacted immediately. In a letter to all members of the common council, Kalwitz indicated that he would introduce duplicate files, refer them to a different committee of

which he was chair, and cause his committee to act on the new files if the zoning committee did not send the old files to the common council at its March 17, 1998 meeting. On February 26, Kalwitz introduced the new files, Numbers 971743 and 971744, and referred these new files to the steering and rules committee.

¶ 50.  As Kalwitz feared, the zoning committee did not act. Consequently, the steering and rules committee met on April 1, 1998, held a hearing, approved the two new files, and sent them to the common council, which approved them on May 5, 1998. There is no dispute that the April 1 hearing on the new files was not preceded by a class 2 notice.[1]

## ANALYSIS

¶ 51.  As the majority correctly notes, the controlling statute is Wis. Stat. § 62.23(7)(d)2., which reads in part:

> The council may adopt amendments to an existing zoning ordinance after first submitting the proposed amendments to the city plan commission, board of public land commissioners or plan committee for recommendation and report and after providing the notices as required in subd. 1.b. of the proposed amendments and hearings thereon. . . .A hearing shall be held on the proposed amendments by, at the council's option, the council, the plan commission, the board of public land commissioners or the plan committee. If the council does not receive recommendations and a report from the plan commission, board of public land commissioners or plan committee within 60 days of submitting the proposed amendments, the council may hold hearings

---

[1] The term "class 2 notice" is explained in ¶ 24 of the majority opinion.

without first receiving the recommendations and report.

¶ 52. File Numbers 970857 and 970859 were sent to both the plan commission and a council committee and were the subject of a public hearing in the committee after publication of the class 2 notice required by Wis. Stat. § 62.23(7)(d)2. In every respect, the treatment of these files complied with the statute. By contrast, File Numbers 971743 and 971744 were referred to a council committee and were the subject of a public hearing before that committee, but the hearing was not preceded by a class 2 notice identifying the new files by number.

¶ 53. The two sets of files may have been identical in substance. Nonetheless, these files were separate legislative proposals. They had different file numbers. They could, in theory, have had different sponsors. They were, in fact, introduced at different times. They were, in fact, referred to different committees. The evidence of this is in the record. The Master Report on File Number 970857, as printed on April 3, 1998, shows no action on this file subsequent to February 24, 1998. The Master Report on File Number 970859, as printed on April 3, 1998, shows no action on this file subsequent to February 24, 1998. Yet, these two files were the very files approved by the Milwaukee Common Council on April 11, 2000, two years after the steering and rules committee had completed action on the other files.

¶ 54. A citizen who carefully monitored the progress of File Numbers 970857 and 970859 could have been blindsided by council action on File Numbers 971743 and 971744, because the latter files were completely separate proposals. As the court of appeals put it:

Persons alerted by the publication that preceded consideration of File Numbers 970859 and 970857 (the old files) by the zoning committee would have no reason to suspect that a parallel effort was being started before a new committee. . . . Indeed, as the City candidly admits in its brief before us: "The Original Files were not 'taken from committee' but, as acknowledged in Appellant's Second Amended Complaint, remain pending before the Zoning, Neighborhoods and Development Committee." (Capitalization in original, record reference omitted.) Thus, anyone checking with the zoning committee would find that File Numbers 970859 and 970857 were still on hold—at the very time a public hearing on new files before a different committee was setting the stage for the rezoning of the land.

*Oliveira v. City of Milwaukee*, 2000 WI App 49, ¶ 12, 233 Wis. 2d 532, 608 N.W.2d 419.

¶ 55. The arguments before the steering and rules committee may have been essentially the same as the arguments before the zoning committee, but that is beside the point. The make-up of the second committee was substantially different from the make-up of the first committee. The members of the second committee could not be expected to know what was said to the first committee any more than they could be expected to hear a tree fall in a forest if they were not there.

¶ 56. The issue in this case transcends the parties. It must be acknowledged that the plaintiffs cannot complain that they were uninformed about the proceedings in the steering and rules committee. Individual notices were sent to interested parties. Both Shawnette Smart and Robert Klavetter testified at the second hearing. Moreover, the alderpersons on the zoning committee who blocked action on the old files

represented a clear minority of the full council. Hence, the council majority should have had some means to take action on the old files.

¶ 57. The means selected, however, is too susceptible to abuse to pass muster. It did not comply with either the letter or the spirit of Wis. Stat. § 62.23(7)(d)2.

¶ 58. The majority holds that two distinct common council files, or, more specifically, two distinct sets of council files, are to be treated as indistinguishable if they are identical in substance. The impact of this amazing conclusion is that as long as one file, or one set of files, receives the requisite class 2 notice and hearing, any identical file or set of files may be approved by the common council without a new class 2 notice or hearing. The controlling statute, Wis. Stat. § 62.23(7)(d)2., allegedly requires nothing more.

¶ 59. This holding undermines fair notice to the public and invites legislative gamesmanship. To illustrate, the statute clearly authorizes the common council to act on a zoning amendment *after* there has been a class 2 notice and hearing. If the notice and hearing do not have to relate to a particular file, then one committee could approve File A *before* notice is given on File B in a different committee; the common council would be authorized to act on File A at any time after a class 2 notice had been given and a hearing had been held on File B. Moreover, duplicate files could be introduced and referred to every committee of the council. A class 2 notice and hearing would be required for only one of these files, diverting attention from the file that was eventually taken up and approved. Finally, if a file were given proper notice and hearing and then defeated in committee, multiple other files would remain eligible for approval. Because of these

27

disturbing possibilities, the court has created a blueprint for mischief.

¶ 60. The judiciary should not invade the inner workings of a legislative body to forestall or redress these potential abuses. Instead, this court should interpret Wis. Stat. § 62.23(7)(d)2. to create a bright line rule: Each legislative proposal to amend a zoning ordinance must receive a class 2 notice and hearing before it may be approved by the common council.

¶ 61. This is not unreasonable. In the present case, the common council could have acted to withdraw the old files from the zoning committee by suspending the rules or otherwise forcing release of the hostage files. Under these circumstances, the public would have received all the notice the statute requires. In the alternative, the new files could have been given the proper class 2 notice and a prompt hearing before the plan commission or the steering and rules committee, with plenty of time for council approval.

¶ 62. For the reasons stated, I respectfully dissent.